**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **GLORIA JACOBS** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. _____** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY, UNITED INSURANCE MANAGEMENT, LC SHARON WALLER and BILL OSBURN** | § § § § | **JURY DEMANDED** |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY and UNITED INSURANCE MANAGEMENT, LC, Defendants herein, remove to this Court the state court action pending in the 172nd Judicial District Court of Jefferson County, Texas, invoking this Court's diversity jurisdiction, on the grounds explained below.

**BACKGROUND**

1. On August 13, 2019, Plaintiff GLORIA JACOBS ("Jacobs") filed the present action in the 172nd Judicial District Court of Jefferson County, Texas, bearing Cause No. E-204277 (the "State Court Action") against Defendants UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"); UNITED INSURANCE MANAGEMENT, LC ("UIM"); SHARON WALLER ("WALLER") and BILL OSBURN ("OSBURN"). *See* All Executed Process, Pleadings and Orders in this Case, attached and incorporated herein as **Exhibit B**.

2. Defendants UPC and UIM were served/received notice of this lawsuit on August 16, 2019. *Id.* Defendant SHARON WALLER, an individual natural person, was improperly served notice of this lawsuit via service of citation to her corporate employer UPC's registered agent on August 16, 2019. *Id.* To the best of UPC and UIM's knowledge, Defendant BILL OSBURN has neither received nor been served notice of this lawsuit at the time of this filing. *Id.*

3. On August 21, 2019, UPC filed its *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code*, seeking the dismissal of Defendants SHARON WALLER and BILL OSBURN from this suit. *Id.* Plaintiff filed her *Response to Defendant's Election of Legal Responsibility Under section 542A.006 of the Texas Insurance Code* on the same day. *Id.* On August 26, 2019 the state court issued its *Order of Dismissal With Prejudice as to Waller and Osburn*. *Id.*

4. Plaintiff filed a *Motion for Reconsideration* on August 27, 2019, along with a *Notice of Oral Hearing* for September 20, 2019 on the court's dismissal order. *Id.* On August 28, 2019 the state court issued an *Order on Plaintiff's Motion to Reconsider,* withdrawing the court's previous order dismissing Defendants SHARON WALLER and BILL OSBURN, and setting the matter for a hearing on September 20, 2019. *Id.* Though the election remains pending, the individuals named are not residents of Texas, as more fully detailed herein.

5. On September 3, 2019, UPC and UIM filed *Defendants United Property & Casualty Insurance Company and United Insurance Management, LC's Original Answer to Plaintiff's Original Petition with Request for Disclosures. Id.*

6. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon Defendants UPC and UIM in the State Court Action are incorporated herein under **Exhibit B**.

7. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been joined and served at the time of this filing, have either joined or affirmed their consent to this *Notice of Removal*.

8. Pursuant to 28 U.S.C. § 1446(b)(3) this *Notice of Removal* has been timely filed by Defendants UPC and UIM within thirty (30) of service of the lawsuit.

9. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*, Defendants UPC and UIM will give written notice of the removal to Plaintiff through her attorneys of record, and to the clerk of the 172nd Judicial District Court of Jefferson County, Texas.

## EXHIBIT INDEX

**Exhibit A**   Index of Matters Being Filed;

**Exhibit B**   All executed process in this case, including copies of the following: *Plaintiff's Original Petition*; *Jury Demand*, UPC's *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code; Plaintiff's Response to Defendant's Election of Legal Responsibility Under section 542A.006 of the Texas Insurance Code;* the *Order of Dismissal With Prejudice as to Waller and Osburn; Plaintiff's Motion for Reconsideration;* and related *Notice of Oral Hearing;* the *Order on Plaintiff's Motion to Reconsider; Defendants UPC and UIM's Original Answer to Plaintiff's Original Petition with Request for Disclosures; and District Clerk's Docket Sheet*

**Exhibit C**   Affidavit of Defendant SHARON WALLER

**Exhibit D**   List of all Counsel of Record

**Exhibit E**   Civil Cover Sheet

## JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is subject to removal to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   DIVERSITY OF PARTIES**

11. Plaintiff GLORIA JACOBS is an individual domiciled in Beaumont, Texas. *See Plaintiff's Original Petition,* attached in **Exhibit B** at 2 and 13. Pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the State of Texas.

12. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC") is a foreign organization incorporated pursuant to the laws of the State of Florida and does not have its principal place of business in Texas. *Id.* at 2. Pursuant to 28 U.S.C. § 1332(c)(1), UPC is a citizen of the State of Florida.

13. Defendant UNITED INSURANCE MANAGEMENT, LC ("UIM") is a foreign organization incorporated pursuant to the laws of the State of Florida and does not have its principal place of business in Texas. *Id.* Pursuant to 28 U.S.C. § 1332(c)(1), UIM is a citizen of the State of Florida.

14. Defendant SHARON WALLER is an individual domiciled in the State of Georgia, and is a citizen of the State of Georgia under 28 U.S.C. § 1332(a). *See Affidavit of Defendant Sharon Waller,* attached **Exhibit C**. Although SHARON WALLER has not been properly served notice of this lawsuit, her affidavit evidencing her residency and consent to the removal of this action is attached out of an abundance of caution. *Id.*

15.     To the best of UPC and UIM's knowledge, Defendant BILL OSBURN is an individual domiciled in the State of Florida, and is a citizen of the State of Florida pursuant to 28 U.S.C. § 1332(a).  However, as previously stated, BILL OSBURN has neither received nor been served notice of this lawsuit at the time of this filing. *See* **Exhibit B**.

16.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).  Furthermore, all Defendants who have been served at the time of this filing, have either joined or consented to the removal of this action in satisfaction of 28 U.S.C. § 1446(b)(2)(A).

**B.    AMOUNT IN CONTROVERSY**

17.     In her Original Petition, "Plaintiff seeks monetary relief over $200,000.00 and less than $1.000,000.00." *See Plaintiff's Original Petition,* attached in **Exhibit B**. at 2.  Prior to filing suit, Plaintiff notified UPC of a claim for $80,000.00 in contents damages; $24,000.00 in Loss of Use damages; $208,000.00 in treble damages; and attorney's fees and expenses of $25,000.00 in a Notice Letter dated May 9, 2019.  *See Exhibit A to Plaintiff's Original Petition,* attached in **Exhibit B**.  In the same letter, Plaintiff demanded a pre-suit amount of $175,000.00 from UPC. *Id.*

18.     The Original Petition shows on its face that Plaintiff's claims are in excess of $75,000.00 excluding interest and costs, and the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)-(B) is therefore satisfied.

## CONCLUSION

19.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

## **P**RAYER

WHEREFORE, PREMISES CONSIDERED, Defendants UNITED PROPERTY & CASUALTY INSURANCE COMPANY and UNITED INSURANCE MANAGEMENT, LC respectfully pray that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court, and that this Court issue all necessary orders. UNITED PROPERTY & CASUALTY INSURANCE COMPANY and UNITED INSURANCE MANAGEMENT, LC further request any additional relief to which they may be justly entitled.

DATE: September 3, 2019.

    Respectfully submitted,

    LEWIS BRISBOIS BISGAARD & SMITH LLP

    By: */s/ Sarah R. Smith*
        Sarah R. Smith
        Attorney-In-Charge
        Texas State Bar No. 24056346
        USDC-SD Texas No. 1196616
        Gene M. Baldonado
        Texas State Bar No. 24071065
        USDC-SD Texas No.1287996
        24 Greenway Plaza, Suite 1400
        Houston, Texas 77046
        Telephone: 713.659.6767
        Facsimile: 713.759.6830
        sarah.smith@lewisbrisbois.com
        gene.baldonado@lewisbrisbois.com

        ATTORNEYS FOR DEFENDANTS
        UNITED PROPERTY & CASUALTY
        INSURANCE COMPANY and UNITED
        INSURANCE MANAGEMENT, LC

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on September 4, 2019 via e-filing addressed to:

John Pat Parson                          *Via Eservice*
Lindsay, Lindsay & Parsons
710 N. 11th Street
Beaumont, Texas 77702
Phone: (409) 833-1196
Fax:    (409) 832-7040
jparsons@llptx.com

ATTORNEY FOR PLAINTIFF
GLORIA JACOBS

                                                     */s/ Sarah R. Smith*
                                                     Sarah R. Smith