# EXHIBIT B

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/13/2019 12:34 PM
JAMIE SMITH
DISTRICT CLERK
E-204277

NO._____

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GLORIA JACOBS**, Plaintiff in the above-entitled and numbered cause and files this Plaintiff's Original Petition, complaining of **UNITED PROPERTY & CASUALTY INSURANCE COMPANY, UNITED INSURANCE MANAGEMENT, LC, SHARON WALLER and BILL OSBURN**, Defendants, (hereinafter referred to collectively as ("Defendants"), and for cause of action would respectfully show unto the Court the following:

### Parties

1.     Plaintiff, Gloria Jacobs, is an individual appearing in Court through her attorney of record.

2.     Defendant, United Property & Casualty Insurance Company, is an insurance company operating in the State of Texas and may be served by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3.     Defendant, United Insurance Management, LC, is a limited corporation doing business in the State of Texas and may be served by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.     Defendant, Bill Osburn, is an individual employed by United Insurance Management, LC.,

1

and may be served with process at his place of employment at 800 2nd Avenue South, St. Petersburg, Florida 33701.

5.     Defendant, Sharon Waller, is an individual employed by United Property & Casualty Insurance Company, and may be served with process though her employer's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## Discovery Plan

6.     This matter is governed by Discovery Plan Level 2.

## Jurisdiction and Venue

7.     The subject matter in controversy is within the jurisdictional limits of this court.

8.     Plaintiffs seeks:

        A.   monetary relief over $200,000.00 and less than $1,000,000.00, and

        B.   a demand for judgment in that amount.

9.     Venue is proper in Jefferson County, because all of the Defendants' acts and omissions occurred in Jefferson County, Texas, according to Texas Civil Practice and Remedies Code Section 15.002(a)(1): All matters at issue arise in Jefferson County, Texas.  The jurisdictional amounts are within the jurisdictional limits of this Court.

## Facts

10.    On or about August 27, 2017, Plaintiff sustained substantial damage to her personal property located at 16894 Boondocks road, Beaumont, Jefferson County, Texas, **as a result of wind and hurricane/storm damage from Hurricane Harvey.**  Plaintiff reported this loss to her insurance company, United Property & Casualty Insurance Company (hereinafter "UPC Insurance") who set up a claim with United Insurance Management, LC (hereinafter "United Insurance Management").  UPC Insurance conducted an initial, outcome-oriented, inspection through its adjusters, United

2

Insurance Management, Sharon Waller, and Bill Osburn. Defendants then issued a denial letter for this claim.

11.     Plaintiff's property was covered by a policy of insurance issued by the Defendant, United Property & Casualty Insurance under Policy No. UTH041144300 in the amount of $80,000 in Personal Property Coverage and $24,000 in Loss of Use Coverage. Plaintiff provided notice of loss under the insurance policy at issue; namely, wind, storm/hurricane damage to the contents and home. Defendants, UPC Insurance, through United Insurance Management, Sharon Waller and Bill Osburn, set up the claim (Claim No. 7013 60001263) and inspected Plaintiff's property and adjusted Plaintiff's wind/hurricane loss/claim. Despite receiving proper notice and Plaintiff's compliance with the requirements of the policy of insurance, Defendants did not conduct reasonable investigations and/or inspections of the premises and failed to make reasonable attempts to pay full benefits due and owing under the policy of insurance and claims at issue.

12.     Defendants knowingly and intentionally minimized Plaintiff's claims, in part, and failed to fully compensate Plaintiff for the wind-related (storm related) losses when the insurance carrier's liability was reasonably clear. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to report the entire wind/storm loss thereby minimizing payment to Plaintiff on the claim. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to fully calculate the nature, extent, and amount of the wind/storm loss, again in an effort to minimize the payment to Plaintiff.

13.     Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, misrepresented both the nature and extent of the damages caused by the wind/storm and grossly underpaid Plaintiff based on the value of the property; all leading to a substantial underpayment of policy benefits to Plaintiff...........by **and through the following acts/omissions committed by**

3

Defendants, Sharon Waller and Bill Osburn:

> a.   Not addressing all of the contents loss;
>
> b.   Not addressing payment under the ALE coverage benefits;
>
> c.   Not authoring a reasonable estimate based on the extent of the wind/storm damage to the contents;
>
> d.   Failing to timely issue proper/full payment for the contents/ALE;
>
> e.   Authoring a fraudulent and inconsistent reports that established the damages to be less than the actual amount of the loss;
>
> f.   Drafting, authoring, and creating letters for the improper payment amounts;
>
> g.   Mailing letter for the improper payment amounts;
>
> h.   Failing to pay mandatory statutory interest on all under-payments once the Ins. Code Demand letter was mailed.

14.   The above referenced facts document <u>a clear breach of the terms of the contract</u> (to pay for wind/storm related damage), as well as <u>a clear breach of Defendants' duty of good faith and fair dealing</u>.

15.   As detailed in the above paragraphs, UPC Insurance wrongfully adjusted Plaintiff's claims for contents and ALE coverage.  Furthermore, UPC Insurance underpaid Plaintiff's claims by not providing full coverage for the damage sustained by the Plaintiff as well as under 'scoping' the damages during its investigation.  Additionally, UPC Insurance continues to delay in the full payment of contents damages and ALE and statutory interest...............Plaintiff sent her 60-day Insurance Notice to Defendants on May 9, 2019.  See **Exhibit A.**  Furthermore, Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to comply with the Texas Insurance Code by not paying statutory interest on its initial underpayment.

4

16. Defendant, UPC Insurance, failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. UPC Insurance's conduct constitutes a breach of the insurance contract between UPC Insurance and Plaintiff.

17. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence----wind/storm/hurricane. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

18. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.   Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

19. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any

5

explanation for the failure to adequately settle Plaintiff's claim. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3):

20.    Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

21.    Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn refused to fully compensate Plaintiff, under the terms of the Policy, by failing to conduct a reasonable investigation. Specifically, Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

22.    Defendant UPC Insurance failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's full claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. UPC Insurance's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code

6

§542.055.

23.     Defendant, UPC Insurance, failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information.  UPC Insurance's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

24.     Defendant, UPC Insurance, failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim.  UPC Insurance's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

25.     From and after the time Plaintiff's claim was presented to Defendant, UPC Insurance, the liability of UPC Insurance to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, UPC Insurance has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. UPC Insurance's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.     Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.     As a result of Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action. Plaintiff, through her attorney, notified Defendants of its claims. **See Exhibit A.**

7

## Causes of Action:

### Causes of Action Against United Property & Casualty Insurance Company, Only

28.     Defendant, UPC Insurance, is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Anticipatory Breach

29.     Defendant, UPC Insurance, committed an anticipatory breach of the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract. Defendant's denial of liability without justification was unreasonable and unjust.

### Breach of Contract

30.     Defendant, UPC Insurance's conduct constitutes a breach of the insurance contract made between UPC Insurance and Plaintiff.

31.     Defendant, UPC Insurance's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of UPC Insurance's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code
### Unfair Settlement Practices

32.     Defendant, UPC Insurance's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

33.     Defendant, UPC Insurance's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.

8

Ins. Code §541.060(a)(1).

34.     Defendant, UPC Insurance's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though UPC Insurance's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

35.     Defendant, UPC Insurance's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

36.     Defendant, UPC Insurance's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

37.     Defendant, UPC Insurance's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

## Noncompliance with Texas Insurance Code
## The Prompt Payment of Claims

38.     Defendant, UPC Insurance's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by

9

Tex. Ins. Code §542.060.

39.     Defendant, UPC Insurance's failure to acknowledge receipt of Plaintiff's full claim, commence investigation of the full claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

40.     Defendant, UPC Insurance's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

41.     Defendant, UPC Insurance's delay of the payment of Plaintiff's full claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

42.     Defendant, UPC Insurance's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

43.     Defendant, UPC Insurance's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, UPC Insurance knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of good faith and fair dealing.

### Causes of Action Against Defendants, United Insurance Management, LC, Sharon Waller  and Bill Osburn, Only

### Noncompliance with Texas Insurance Code
### Unfair Settlement Practices

44.     Defendants, United Insurance Management, Sharon Waller  and Bill Osburn's conduct

constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a) All violations under this article are made actionable by Tex. Ins. Code §541.151.

45.     Defendants, United Insurance Management, Sharon Waller and Bill Osburn's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code. §541.060(a)(1).

46.     Defendants, United Insurance Management, Sharon Waller and Bill Osburn's settlement practice, as describe above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

47.     Defendants, United Insurance Management, Sharon Waller and Bill Osburn's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

48.     Defendants, United Insurance Management, Sharon Waller and Bill Osburn's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060 (a)(4).

49.     Defendants, United Insurance Management, Sharon Waller and Bill Osburn's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a

11

reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

## Fraud Against United Property & Casualty Insurance Company, United Insurance Management, LC, Sharon Waller and Bill Osburn

50. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn are liable to Plaintiff for common law fraud.

51.. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn knew were false or made recklessly without any knowledge of their truth as a positive assertion. Each Defendant was engaged in the "business of insurance" at the time these fraudulent representations were made during the adjustment of Plaintiff's claim.

52. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

## Conspiracy to Commit Fraud Against United Property & Casualty Insurance Company, United Insurance Management, LC, Sharon Waller and Bill Osburn

53. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn are liable to Plaintiff for conspiracy to commit fraud. Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, UPC Insurance, United Insurance Management, Sharon Waller and Bill Osburn, committed an unlawful, overt act to further the object or course of action. Plaintiff suffered

12

injury as a proximate result of Defendants' acts/omissions. At all times, Defendants knew that their liability was reasonably clear, and still failed to properly handle their claim which constitutes a breach of the duty of good faith and fair dealing.

### Knowledge/Intent

54. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as the terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

### Damages

55. Plaintiff will show that all of the above referenced acts were the producing cause(s) of Plaintiff's damages. The damages caused by the wind/storm/hurricane have left Plaintiff's property severely damaged. These damages have not been properly addressed by Defendants and the contents have not been replaced due to the non-payment causing further damage to the Property, which has led to undue hardship and burden on Plaintiff. Plaintiff was forced to move out of the structure/house and was not compensated for her ALE/loss of use benefits under the insurance policy. These damages are a result of Defendants' mishandling of Plaintiff's claim in direct violation of the laws detailed above.

56. For Plaintiff's breach of contract cause of action, Plaintiff is entitled to the benefits they should have received under the policy of insurance in place at the time of the wind loss. Plaintiff is asking for full benefits due and owing under the policy, along with her attorney's fees and expenses. Plaintiff is entitled to full policy benefits that are due and owing for her loss.

57. For the violations of the Texas Insurance Code and Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the full benefits due and owing under the policy, attorney's fees and expenses and costs of court. Furthermore, because Defendants' acts were

13

committed knowingly, Plaintiff is entitled to three times her actual damages.

58.     For violations of the Texas Insurance Code and Prompt Payment of Claims, Plaintiff is entitled to her damages, as detailed above and below, as well as eighteen percent statutory interest per year as damages, along with attorney's fees and expense.

59.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to all damages, including those detailed above and below, as well as all forms of loss resulting from Defendants' breach of said duty, including but not limited to additional costs, losses due to nonpayment of the amount(s) owed under the policy, economic hardship, punitive damages, exemplary damages.

60.     For Defendants' fraudulent acts, Plaintiff is entitled to recover actual damages and exemplary damages for Defendants' knowingly making fraudulent representations, along with attorney's fees, interest, and costs of court.

61.     The acts and omissions of these Defendants have made it necessary for Plaintiff to retain undersigned counsel, and Plaintiff agreed to pay undersigned counsel reasonable and necessary attorney's fees, expenses, and costs of suit. Plaintiff's counsel has a forty percent (40%) contingent fee. When calculated on an hourly rate basis, however, at customary hourly rate charges in this community, Plaintiff anticipates that attorney's fees and expenses incurred through a trial of this case will be approximately $70,000.00 to $250,000.00, in the discretion of the jury, and also that any necessary appellate attorney's fees and expenses will be approximately $15,000.00, or in an amount in the discretion of the jury. Plaintiff is entitled to recover its reasonable and necessary attorney's fees and expenses under applicable provisions of the Texas Insurance Code.

14

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that Plaintiff recover her actual damages, consequential damages, statutory damages and enhancements, punitive damages, attorney's fees, costs, expenses, interest, and for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,
GLORIA JACOBS**

15

# LINDSAY, LINDSAY & PARSONS

ATTORNEYS AT LAW
710 NORTH 11TH STREET
BEAUMONT, TEXAS 77702
PHONE (409) 833-1196 FACSIMILE (409) 832-7040
www.llptx.com

Barrett P. Lindsay
blindsay@llptx.com
Partner

John Pat Parsons
jparsons@llptx.com
Partner

Michael J. Lindsay
mlindsay@llptx.com
Of Counsel

**TEXAS INSURANCE CODE NOTICE LETTER**

May 9, ~~2018~~ 2019

United Property & Casualty Insurance Company
Attn: Bill Osburm
Post Office Box 1011
St. Petersburg, FL 33731-1011

*Via CM/RRR#7018 1830 0000 5911 3513*
*And Via Fax: 469-499-2531*

| Re: | | | |
|---|---|---|---|
| | **Our Client** | : | **Gloria Jacobs** |
| | **Claim No.** | : | **2017TX032500** |
| | **Policy No.** | : | **UTH041144300** |
| | **Date of Loss** | : | **August 27, 2017** |
| | **Location of Loss** | : | **16894 Boondocks Road, Beaumont, Texas 77705** |

Dear United Property & Casualty Insurance Company:

Please be advised my firm has been retained by **Gloria Jacobs, with respect to losses as a result of the above referenced claim.** It appears from our investigation UPC Insurance and its adjusters never properly investigated the claim/losses nor paid full benefits that were due and owing under the policy for the Jacob's losses. Based on our client's contention that this claim has never been properly handled, we investigated this matter and found a significant underpayment due to damages to the house.

A DENIAL letter was sent on September 29, 2017. See **Exhibit 1.** This property clearly experienced wind damage. That wind damage allowed water to come into the house and damage the contents. The water was literally "raining" through the roof. UPC never took any action to determine which damage was caused by wind and which damage was caused by flood. UPC issued a blanket denial letter for all damages. This denial letter clearly evidences UPC Insurance's intent to avoid its duties under the policy after completion of the inspection.

As you know, an insurance company and its adjusters have a duty to act fairly and in good faith with their insureds. Unfair practices include such things as failing to attempt in good faith to arrive at a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear; and failing to provide a policy holder with a reasonable explanation of either the insurer's denial of a claim or offer to compromise a settlement within a reasonable time limit.

ALL-STATE LEGAL
EXHIBIT
A

Please understand my client wishes to reach an amicable resolution to this matter without the burden or expense of litigation. However, any filing would seek damages for Ch. 541 and 542 Insurance Code violations, as well as breach of the duty of good faith and fair dealing, fraud and breach of contract. At trial, my client would be seeking recovery of all damages available under Texas law, including, but not limited to actual damages, statutory penalties (including 18% annual interest on all unpaid amounts), treble damages for "knowingly" underpaying these claims, as well as all interest, attorney's fees, costs and expenses incurred in prosecuting this matter.

Ms. Jacobs purchased an insurance policy from UPC Insurance to protect their property from this type of loss. To date, UPC has not properly paid the benefits due and owing under the insurance policy. These acts are violations of the Insurance Code and are actionable under Texas law. Based on our review of the records, it does not appear that UPC properly handled this claim. The investigation and claims handling was consistent with that of an outcome oriented investigation and report, in an effort to minimize the amount of policy benefits UPC would pay.

UPC failed to take all damages into consideration when formulating its estimate(s), as the damage was clear as can be seen in the photographs enclosed, and then failed to pay this claim fairly.

Notice is hereby given under Section 541.154 of the Texas Insurance Code that my client have sustained economic damages, to date, in unpaid benefits that are due and owing. Based on the policy, the deductible ($2,500.00) and the non-payment ($0.00), your company still owe Ms. Jacobs:

- •   $80,000.00  in contents damages (see **Exhibit 2**);
- •   $24,000.00 in Loss of Use damage;
- •   $208,000.00 in treble damages for knowingly denying this claim; and
- •   and attorney's fees and expenses in the amount of $25,000.00.

Ms. Jacobs was forced to hire my firm since UPC Insurance has yet to pay the full loss, which is due and owing. **Demand, prior to filing suit, is therefore made pursuant to the DTPA and Insurance Code for the amount of $175,000.00.**

It is the intention of Ms. Jacobs and this firm that no binding settlement exists until any proposal and acceptance are both (i) reduced to a written settlement agreement approved by all parties to the settlement, (ii) signed by all parties for which the settlement agreement contemplates signature, and (iii) until all conditions or events required by the settlement agreement are fully satisfied. Neither this compromise settlement proposal or the accompanying facts and analysis contained in this document shall be construed as an admission or will be admissible at trial.

Please be advised that under the Insurance Code an award of court costs and reasonable and necessary attorney's fees is mandatory to an insured who prevails in such a lawsuit. Please be further advised that treble damages may be awarded at trial in the event that the jury finds that actionable conduct was committed "knowingly."

This demand will remain open for statutorily allotted sixty (60) day period at which time if no response is received, the demand will expire and we will proceed in a manner that will fully protect our client's legal rights. Please contact my office at your earliest convenience to discuss settlement of these claims.

I appreciate your immediate attention to this matter. Since my client is represented by counsel, please direct all future communications directly to the undersigned. I look forward to hearing from you in the very near future.

Very truly yours,

JOHN PAT PARSONS

Attachment:     Exhibit 1: Dental Letter
                Exhibit 2: Estimate for Contents Damage

cc:     Ms. Jacobs

 Keep
the
Promise*

September 29, 2018

GLORIA JACOBS
16894 BOONDOCKS RD
BEAUMONT TX 77705

Re:   Insured:          GLORIA JACOBS
      Claim Number:     2017TX032500
      Policy Number:    UTH041144300
      Date of Loss:     8/27/2017
      Cause of Loss:    FLOOD
      Loss Location:    16894 BOONDOCKS RD BEAUMONT TX 77705

Dear GLORIA JACOBS:

This letter is in response to the claim you submitted to UNITED PROPERTY & CASUALTY
INSURANCE CO on the-above-referenced-policy for water damage to your property.

We have received the inspection report from AMCAT, an independent adjusting firm. The
conclusion of our investigation is that the damages found to your property are related to
flooding, surface water or seepage through foundation. Your policy of insurance specifically
excludes coverage for flood and surface water.

The specific policy language is captioned below for your reference. Please notify our office
immediately if our understanding of your loss is incorrect in any way.

Your HO 0C 04 05 11 Homeowners 4 Content Broad Form policy, states:

## SECTION I – PERILS INSURED AGAINST

We insure for direct physical loss to the property
described in Coverage C caused by any of the
following perils unless the loss is excluded in Section I
– Exclusions.

## SECTION I – EXCLUSIONS
We do not insure for loss caused directly or indirectly
by any of the following. Such loss is excluded
regardless of any other cause or event contributing
concurrently or in any sequence to the loss. These
exclusions apply whether or not the loss event results
in widespread damage or affects a substantial area.

### 3. Water
This means:
      a. Flood, surface water, waves, including tidal
      wave and tsunami, tides, tidal water,
      overflow of any body of water, or spray





from any of these, all whether or not driven by wind, including storm surge;
**b.** Water which:

(1) Backs up through sewers or drains; or
(2) Overflows or is otherwise discharged from a sump, sump pump or related equipment;

**c.** Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or
**d.** Waterborne material carried or otherwise moved by any of the water referred to in **A.3.a.** through **A.3.c.** of this exclusion.

This Exclusion 3. applies regardless of whether any of the above, in **3.a.** through **3.d.**, is caused by an act of nature or is otherwise caused.

This Exclusion 3. applies to, but is not limited to, escape, overflow or discharge, for any reason, of water or waterborne material from a dam, levee, seawall or any other boundary or containment system.

However, direct loss by fire, explosion or theft resulting from any of the above, in **3.a.** through **3.d.**, is covered.

Form UPC 01 42 12 14 states in part:

Paragraph **H. Legal Action Against Us** is replaced by the following:

**H. Legal Action Against Us**

**1.** Except as provided in Paragraph **2.**, no suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy. Action must be brought against us within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**2.** With respect to suits brought in connection with claims for loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code:

No action can be brought against us unless there has been compliance with all of the terms of this policy. The action must be brought before the earlier of the following:
**a.** Two years and one day from the date we accept or reject the claim; or
**b.** Three years and one day from the date of the loss that is the subject of the claim.



As stated in Section I – Conditions, Item F. Appraisal, no suit Involving the amount of loss or damage under Section I of the Policy can be brought unless an appraisal has been completed.

All rights and defenses of UPC Insurance are reserved. No act of any Company representative while investigating this claim or defending a lawsuit shall be construed as waiving any Company rights. The Company reserves the right to deny coverage to you or to anyone claiming coverage under this policy. UPC Insurance does not, by this letter or otherwise, waive any rights or defenses.

Should have any additional questions regarding this letter or have any other information you would like for us to consider In regards to this claim, please contact the undersigned at the information shown below.

Sincerely,

BIll Osburn
Claims Adjuster
United Insurance Management, LC, servicing
claims on behalf of UPC Insurance
Ph: 727-895-7737 X-4530
Email: claims@upcinsurance.com

CC:     TWFG INSURANCE SERVICES, INC.
        6410 WELLINGTON PL, STE A
        BEAUMONT TX 77706

*If this document contains an excerpt from a UPC Insurance Company Policy ("the Policy") it is provided here for informational purposes only. This excerpt is not the official version of the Policy. The official version of the Policy is the policy issued to the insured on the policy effective date. In the event there is inconsistency between this document and the Policy, the Policy shall serve as the official version.*

*Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.*

**Personal Property Inventory Form**   Claim number: _____   Claim Unit: _____   JF: ____ / ____   FA: ____ / ____

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: _____

Insured: _____

Room: _____ Ded. _____ C/L _____ Claim Rep. _____ Date Completed: _____

| Item No. Qnty | 2. Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (If Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | "Large" Water Fountain with silk flowers | | | | | | | | | $9 N/E $75.00 | |
| 1 | Bird cage | | | | | | | | | | |
| 2 | Peacock pictures large | | $100 each | | | | | | | $20.00 | |
| 1 | Large painting | | | | | | | | | $25.00 | |
| 1 | wooden cross | | | | | | | | | $2.00 | |
| 1 | Perfume Tray with all perfumes | | D/lbands | | | | | | | $1,000 | |
| 1 | Brass lamp with Glass Tulip from France | | | | | | | | | $350.00 $400.00 | |
| 1 | Flower arrangement Large | | | | | | | | | $500.00 | |
| 2 | painting (oil painting) | | | | | | | | | | |
| 2 | matching Japays Doll's | | @ $125.00 each | | | | | | | $350.0 | |
| | | | Totals: | | | | | | | 5,720 | |

Home and Work Phone No.: ( ____ ) _____ / _____

DEDUCTIBLE: _____
LESS RS ORDERS: _____
SETTLEMENT: _____

The above information is true to the best of my knowledge.
Insured's Signature _____   Date: _____

EXHIBIT 2

ALL-STATE LEGAL®

**Personal Property Inventory Form**   Claim number: _____   Claim Unit: _____   JF: ____/____   FA: ____/____

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: _____

Insured: _____

Room: _____   Ded. _____   C/L _____   Claim Rep. _____   Date Completed: _____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (if Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | Hats + cap's | | Dillards | | | $15 each | | | $15⁰⁰ each | $300 | |
| 30 | Ties | | Dillards Store | | | $20 each | | | $200⁰⁰ | | |
| 3 | Cameras | | Best Buy | | | $50.00 hr | | | $450⁰⁰ | | |
| 30 | Belts | | Dillards State | | | $25⁰⁰ each | | | 750 | | |
| 20 | Scar's? | | Dillards Store | | | $20⁰⁰ each | | | $400⁰⁰ | | |
| | Custome Jewely | | " " ? | | | | | | $500⁰⁰ | 265⁵⁰ | |
| 1 | blow dryer | | | | | $55⁰⁰ | | | $55⁰⁰ | | |
| 1 | Flat iron Chee | | | | | $100⁰⁰ | | | $100⁰⁰ | | |
| 1 | Tray | | | | | $65⁵⁰ | | | $65⁰⁰ | | |
| 1 | Beeded purse | | | | | $85⁰⁰ | | | $85⁰⁰ | | |
| | Set Make-up-Room (curtains) | | | | | $200⁰⁰ | | | $200⁰⁰ | | |
| 8 | pairs sandle? | | | | | $65⁰⁰ | | | 52 8? | | |
| 12 | dress Shores | | | | | $75⁵⁰ | | | $900⁰⁰ | | |
| 4 | pumps? | | | | | $100⁰⁰ each | | | 400 | | |
| | | | | | Totals: | | | | 4,922.00 | | |

Home and Work Phone No.: ( ____ ) _____ / _____

DEDUCTIBLE: _____

LESS RS ORDERS: _____

SETTLEMENT: _____

The above information is true to the best of my knowledge.

Insured's Signature _____   Date: _____

**Personal Property Inventory Form** Claim number:_____ Claim Unit:_____ JF:____/____ FA:____/

Claim Representative: Complete all shaded areas. Date of Loss:_____ SG:_____ BP:_____ .MO:

Insured:_____

Room:_____ Ded._____ C/L_____ Claim Rep._____ Date Completed:_____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (if Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 50 | Pr underware | @ ? each | | | | | | | | 60 | |
| | slings | @ $38 | each | | | | | | | 38 | |
| | 15 T-shirts | $28 @ | each | | | | | | | 420 | |
| | | | | | | | | | | | |
| AWN Room | 6 king size (set) of sheets | | | | | | | | | 100 | |
| 6 | Queen size (set) | | | | | | | | | 450 | |
| 5 | Blankets @ $40.00 | each | | | | | | | | 200 | |
| 3 | Bed linner cover's (Kings) | $100 each | | | | | | | 300 | |
| 2 | Queen " | 111 | $75 each | | | | | | | 150 | |
| Bath Room | 1 King size comforter | | | | | | | | | 225 | |
| 21 | Towels @ $10 | each | | | | | | | | 248 | |
| 24 | Hand-Towels @ | each | | | | | | | | 10 | |
| | | | | Totals: | | | | | | 3835.00 | |

Home and Work Phone No.: (___)_____/_____

DEDUCTIBLE:____
LESS RS ORDERS:____
SETTLEMENT:____

The above information is true to the best of my knowledge.
Insured's Signature_____ Date:_____

**Personal Property Inventory Form**  Claim number: _____  Claim Unit: _____  JF: ____ / ____  FA: ____ /

Claim Representative: Complete all shaded areas.  Date of Loss: _____  SG: _____  BP: _____  MO: _____

Insured: _____

Room: _____  Ded. _____  C/L _____  Claim Rep. _____  Date Completed: _____

| Item No. Qnty | 3. Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 8. R/C U | 10. Depr. Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (if Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | Painting  ⓐ | $175 each | = | | | | | | | $525.00 | |
| 1 | " "  ⓐ | $100.00 | | | | | | | | $100.00 | |
| 1 | Grand Father clock (short) | | | | | | | | | $295.00 | |
| | T-shirts + underwere | | | | | | | | | $400.00 | |
| | Dress shorts | | Dillards-5 each = | | | | | | | $250.00 | |
| 10 | Sweaters | Dillards = | | | | | | | | $900.00 | |
| 8 | Reg work shorts @ $25 each | | | | | | | | | $200.00 | |
| 8 | Belts dress $45 each | | | | | | | | | $360.00 | |
| 9 | Blue Jeans @ $40 each | | | | | | | | | $350.00 | |
| 30 | Socks @ $5 each | | | | | | | | | $150.00 | |
| | | | | | | | | | | $450.00 | |
| 45 | P.J.'s from | Dillards | | | | | | | | $375.00 | |
| 5 | nighties @ $75 each | | | | | Totals: | | | | $4,185.00 | |

Gloria

Home and Work Phone No.: ( ____ ) _____ / _____

DEDUCTIBLE: _____
LESS RS ORDERS: _____
SETTLEMENT: _____

The above information is true to the best of my knowledge.

Insured's Signature _____  Date: _____

**Personal Property Inventory Form**  Claim number: _____ Claim Unit: _____ JF: ___ / ___ FA: ___ / ___

Claim Representative: Complete all shaded areas.  Date of Loss: _____ SG: _____ BP: _____ MO: _____

Insured: _____

Room: Living Room  Ded. _____ C/L _____ Claim Rep. _____ Date Completed: _____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (if Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 60" Samsung TV | Samsung | 2,560 Costco | 2017 | 3500 | 3600 | | | | | |
| 1 | Surround Sound | Samsung | 180.00 Costco | 2017 | 200.00 | 200.00 | | | | | |
| 8 | Curtain Valances | | Arenas Linen | 2015 | 320.00 | 380.00 | | | | | |
| 2 | Canvas Painting | | | | 150.00 | | | | | | |
| 1 | cash register | | | | | $4,00.00 | | | | | |
| 3 | paintings @ $150.00 each | | | | | $450.00 | | | | | |
| 2 | Lamps @ $50.00 each | | | | | $100.00 | | | | | |
| 1 | Hanging Turkish Lamp @ $200.00 | | | | | $200.00 | | | | | |
| 1 | Bose Radio | | | | | $500.00 | | | | | |
| 1 | | | | | | | | | | | |
| 4 | Pointry @ $150 each | | | | | $600.00 | | | | | |
| 1 | Large wooden Bowl 24" | | | | | $200.00 | | | | | |
| 9 | African mask collection @ $75.00 | | | | | $750.00 | | | | | |
| 1 | African Chair | | | | | $150.00 | | | | | |
| | | | | | Totals: | 8,070.00 | | | | | |

Home and Work Phone No.: (___) _____ / _____

DEDUCTIBLE: _____
LESS RS ORDERS: _____
SETTLEMENT: _____

The above information is true to the best of my knowledge.
Insured's Signature _____ Date: _____

**Personal Property Inventory Form**   Claim number: _____ Claim Unit:_____ JF:_____/_____ FA:_____/_____

Claim Representative: Complete all shaded areas.   Date of Loss: _____    SG:_____    BP:_____    MO:_____

Insured: _____

Room:_____ Ded._____ C/L_____ Claim Rep. _____ Date Completed:_____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost ✓ | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (If Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Bes dish ware for (8) | | | | | | | | | $200.00 | |
| | Salads bowls+ dessert plates | | | | | | | | | 150.00 | |
| | Cassero set of (5) with lids | | | | | | | | | $265.00 | |
| | Coffee-pot- Bonn | | | | | | | | | $75.00 | |
| | | | | | | | | | | $2,400 | |
| 388 | Paper Back Books x 30 | | | | | | | | | 3.000 | |
| 100 | Section #3 Collect Books (20) | | | | | | | | | | |
| | | | | | | | | | | | |
| 50 | Hard cover (30) = | | | | | | | | | 1,500 | |
| | | | | | | | | | | | |
| 11 Guest Bedroom 2 | Painting @ $195 each = | | | | | | | | | $250 | |
| 3 | " " | @ 200.00 each = | | | | | | | | $400 | |
| 1 | " " @ $25 | | | | | | | | | $225 | |
| | | | | | **Totals:** | | | | | $7,138.00 | |

Home and Work Phone No.; (_____) _____/_____

DEDUCTIBLE:_____
LESS RS ORDERS:_____
SETTLEMENT:_____

The above information is true to the best of my knowledge.

Insured's Signature _____ Date: _____

**Personal Property Inventory Form**   Claim number: _____ Claim Unit: _____   JF: ____ / ____ FA: ____ /

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: ____

Insured: _____

Room: _____   Ded. _____   C/L _____   Claim Rep. _____   Date Completed: _____

| Item No. Qnty | Description of property. | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (If Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stora  3 | Flats | Dillards Stage | | | $56.00 each | | | | | 1,50 | |
| | | | | | | | | | | | |
| Dining Room | all formal French Flat ware services for 8 | | | | | | | | | $1,200 | |
| 1 | Set magnolia china Set for 8 | china Set for 8 "8" set | | | | | | | | $800.00 | |
| 1 | Time chine (set) | | | | | | | | | $1,000 | |
| 1 | Complet set o French Provence ware for (4) | | | | | | | | | $600.00 | |
| | Tea cup collection French/English/American | | | | | | | | | $850.00 $400.00 | |
| | Flat silver ware (2 sets forks) | | | | | | | | | | |
| 1 | Art Deco Statue | | | | | | | | | $200.00 | |
| 1 | Samsung micro wave | | | | | | | | | $500.00 | |
| | wine Glasses service to 12 | | | | | | | | | $300.00 | |
| | | | | Totals: | | | | | | 2,250.00 | |

Home and Work Phone No.: ( ) _____ / _____

DEDUCTIBLE: _____
LESS RS ORDERS: _____
SETTLEMENT: _____

The above information is true to the best of my knowledge.
Insured's Signature _____   Date: _____

**Personal Property Inventory Form** Claim number: _____ Claim Unit: _____ JF: ___/___ FA: ___/___

Claim Representative: Complete all shaded areas. Date of Loss: _____ SG: _____ BP: _____ MO: _____

Insured: _____

Room: _____ Ded. _____ C/L _____ Claim Rep. _____ Date Completed: _____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost ϒ | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr. Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (If Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 | Blouses | | Dillards | | | $ CO | | | $ 1,800 | | |
| 50 | skirts | | Dillards Stage | | | $ 65 | | | $ 3,250 | | |
| 300 | Dresses | | Dillards stage | | | $ 108 each | | | $ 30,000 | | |
| 50 | Shorts | | Dillards stage | | | $ 50.00 each | | | $ 2,750 | | |
| 10 | Hats | | stage | | | $ 25.00 each | | | $ 250.00 | | |
| 60 | Blake Jeans | | Dillards stage | | | $ 75.00 each | | | $ 3,900 | | |
| 3 | Coats | | Dillard | | | $ 150.00 each | | | $ 450.00 | | |
| 20 | Purses | | Dillard stage | | | $ 85.00 each | | | $ 1,700 | | |
| 3 | Suites | | Dillards Stage | | | $ 200.00 each | | | $ 600.00 | | |
| 25 | Pants (Men's) | | Dillards | | | $ 65.00 each | | | $ 1,525 | | |
| 80 | Shirts | | Dillards stage | | | $ 45.00 each | | | $ 900.00 | | |
| 4 | Coats | | Dillards stage | | | $ 130.00 each | | | $ 530.00 | | |
| 4 | Jackets | | Dillards stage | | | $ 75.00 each | | | $ 300.00 | | |
| 1 | Leather Jacket | | Dillards | | | $ 299.00 | | | $ 299.00 | | |
| | | | | | Totals: | | | | | 47,654.00 | |

Home and Work Phone No.: ( ___ ) _____ / _____

DEDUCTIBLE: _____
LESS RS ORDERS: _____
SETTLEMENT: _____

The above information is true to the best of my knowledge.
Insured's Signature _____ Date: _____

**Personal Property Inventory Form**   Claim number: _____   Claim Unit: _____   JF: ___/___   FA: ___/___

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: _____

Insured: _____

Room: _____   Ded. _____   C/L _____   Claim Rep. _____   Date Completed: _____

| Item No. Qnty | 2. Description of property. | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Dapr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (if Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | African Doors Hand Carved wall att art | | | | | | | | | $1,000 | |
| 1 | wall carving 3x4 old african wall art | | | | | | | | | $800.00 | |
| 1 | crytral mirrored Tray | | | | | | | | | $180.00 | |
| 2 | matching hand painting ornate vases | | | | | | | | | $95.00 | |
| | | | | | | | | | | 1,400 | |
| | all formal French flat wore service for (8) | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | Totals: | | 3,550 | |

Home and Work Phone No.: (___) _____ / _____

DEDUCTIBLE: _____

LESS RS ORDERS: _____

SETTLEMENT: _____

The above information is true to the best of my knowledge.

Insured's Signature _____   Date: _____

**Personal Property Inventory Form**   Claim number: _____   Claim Unit: _____   JF: _____ / _____   FA: _____ / _____

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: _____

Insured: _____

Room: _____   Ded. _____   C/L _____   Claim Rep. _____   Date Completed: _____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost ˅ | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (If Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Large Hand carved Mirror | | | | | | | | $ | 500.00 | |
| 2 | Lamp sets $83 each L | | | | | | | | $ | 166.00 | |
| 30 | pitcher Frames @ 18X20 ← | | | | | | | | $ | 360.00 | |
| 1 | tapestrie from India | | | | | | | | $ | 2,395 | |
| | | | | | | | | | $ | 1,000 | |
| | 3½ shelves all mixed fine Cheinde | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | Totals: | | | 2,351 | |

Home and Work Phone No.: ( ____ ) _____ / _____

DEDUCTIBLE: _____

LESS RS ORDERS: _____

SETTLEMENT: _____

The above information is true to the best of my knowledge.

Insured's Signature _____   Date: _____

**Personal Property Inventory Form**   Claim number: _____   Claim Unit: _____   JF: ____ / ____   FA: ____ / ____

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: _____

Insured: _____

Room: _____ Ded. _____ C/L _____ Claim Rep. _____ Date Completed: _____

| Item No. Qnty | Description of property. | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost "Y" | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (if Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Living 60 | Bottles of wine @ $5 each | | | | | | | | | $300.00 | |
| Room 5 | Hand carved statues @ $300 each | | | | | | | | | $1610.00 | |
| 2 | Lamps @ $50.00 | | | | | | | | | $100.00 | |
| 30 | Crystal wine glasses @ $6.00 | | | | | | | | | $300.00 | |
| 1 | Eight sided art mirror | | | | | | | | | $500.00 | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | Totals: | | | 2400.00 | |

Home and Work Phone No.: ( ____ ) _____ / _____

DEDUCTIBLE: _____

LESS RS ORDERS: _____

SETTLEMENT: _____

The above information is true to the best of my knowledge.

Insured's Signature _____   Date: _____

**Personal Property Inventory Form**   Claim number: _____ Claim Unit: _____ JF: _____ / _____ FA: _____ / _____

Claim Representative: Complete all shaded areas.   Date of Loss: _____   SG: _____   BP: _____   MO: _____

Insured: _____

Room: _____ Ded. _____ C/L _____ Claim Rep. _____ Date Completed: _____

| Item No. Qnty | Description of property | 3. Mfr/Brand name and Serial/Model No. | 4. Purchased or Obtained From | 5. Date of Purchase or Age LE | 6. Replacement Repair or Restoration Cost | 7. Today's Value/ Actual Cash Value | 8. % Tax | 9. R/C U | 10. Depr.Or Discount Amount CV | 11. Settlement | 12. R/C Benefit Remaining (If Applicable) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | weave Towels (a) 8,12° each | | | | | | | | | 1141.00 | |
| 1 | Large Painting | | | | | | | | | 275.00 | |
| 4 | sea shell with greeney | | 30° each | | | | | | | 128.00 | |
| 2 | Large product | | 100° each | | | | | | | 200.00 | |
| 1 | Goldplated mirror | | | | | | | | | 360.00 | |
| 1 | Large Flower arrrement | | | | | | | | | 400.00 | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | Totals: | | | | | 1504.00 | |

3rd Room

Home and Work Phone No.: (____) _____ / _____

DEDUCTIBLE: _____
LESS RS ORDERS: _____
SETTLEMENT: _____

The above information is true to the best of my knowledge.

Insured's Signature _____ Date: _____

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**8/13/2019 12:34 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**E-204277**

NO._____

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S JURY DEMAND

Plaintiff respectfully requests a jury trial.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11ᵗʰ Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,**
**GLORIA JACOBS**

1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/13/2019 12:34 PM
JAMIE SMITH
DISTRICT CLERK
E-204277

JAMIE SMITH
JEFFERSON COUNTY DISTRICT CLERK
1085 PEARL STREET, ROOM 203, BEAUMONT,TX 77701

# REQUEST FOR PROCESS
All sections <u>must</u> be completed for processing this request.

---

**Section 1:**

Cause No. _____                    Date _08/13/19_____

Style:

Gloria Jacobs

VS

United Property & Casualty Insurance Company, United Insurance Management, LC, Sharon Waller and Bill Osburn

---

**Section 2:**

Check Process Type:

☒Citation       □ Precept to Serve / Notice of Hearing/Notice to Show Cause

□ Temporary Restraining Order

□ Application for Protective Order / Temporary (Ex Parte) Protective Order

□ Notice of Registration of Foreign Judgment   □ Citation by Posting

□ Writ of_____   □ Other_____

□Citation by Publication*- Newspaper: _____

□Check box if you would like the District Clerk's Office to make copies for your service. ($1.00 per page
 per pleading for copies for service)

---

**Section 3:**

## Title of Document/Pleading to be attached for service:_____

Plaintiff's Original Petition and Plaintiff's Jury Demand

Note: You must furnish <u>one copy</u> of the document/pleading for <u>each</u> party served.

---

**Section 4:** PARTIES TO BE SERVED (Please type or print):

1.Name:___United Property & Casualty Insurance Company_____

   Address:_R/A: C T Corporation System, 1999 Bryan Street, Suite 900_____

   City:_Dallas_____   State:_Texas_____   Zip:_75201_____

2.Name:_United Insurance Management, LC_____

   Address:_R/A: C T Corporation System, 1999 Bryan Street, Suite 900_____

   City:_Dallas_____   State:_Texas_____   Zip:_75201_____

3. Name: _____Bill Osborn_____

   Address: _____800 2nd Avenue South_____

   City: ____St. Petersburg_____   State: ____Florida_____   Zip: ___33701_____

4. Name: ____Sharon Waller, c/o UPC's R/A: C T Corporation System_____

   Address: _____1999 Bryan Street, Suite 900_____

   City: ____Dallas_____   State: ____Texas_____   Zip: ___75201_____

5. Name: _____

   Address: _____

   City: _____   State: _____   Zip: _____

**Section 5**

## Check Service Type:

☐  No Service                    ☐  Secretary of State

☐  Sheriff                       ☐  Commissioner of Insurance

☐  Constable Pct.                ☐  Out of County

☐  Out of State                  ☒  Private Process      ☐ Other

☐  Certified Mail

**Section 6 (ONLY if Section 7 does not apply)**

## Attorney Name: ____John Pat Persons_____

## Address: _____710 North 11th Street_____

| Beaumont | Texas | 77702 |
|----------|-------|-------|
| City | State | Zip |

Attorney's Telephone No. _409-833-1196_____   Attorney's Bar No. __24065876_____

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name: _____

Address: _____

| | | |
|---|---|---|
| City | State | Zip |

Telephone No. _____

**Section 8**

## Check Delivery Type:

☒ Hold for pick up      ☐  Mail to Attorney

Please call Lori at 409-833-1196 when the citations are ready to be picked up.  Thank you!!

C0204277---00006

# THE STATE OF TEXAS

## No.  E-0204277

## GLORIA JACOBS
## VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:  **WALLER, SHARON**
     **BY SERVING ITS REGISTERED AGENT**
     **CT CORPORATION SYSTEM**

by serving at:
**1999 BRYAN STREET**
**SUITE 900**
**DALLAS, TX    75201**                                                                  **DEFENDANT:**

NOTICE:

        You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.   It bears cause number E-0204277 and is styled:

                                                                                              Plaintiff:
        **GLORIA JACOBS**
VS.
        **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**
                                                                                              Defendant:

        The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                **PARSONS, JOHN PAT, Atty.**
                **710 N 11TH STREET**
                **BEAUMONT, TX    77702 0**

        The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

        Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

                                JAMIE SMITH, DISTRICT CLERK
                                JEFFERSON COUNTY, TEXAS

                        BY  *Valencia Simpson*  Deputy

                Valencia

## RETURN OF SERVICE

E-0204277                 172nd JUDICIAL DISTRICT COURT

GLORIA JACOBS

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

ADDRESS FOR SERVICE:
WALLER, SHARON
BY SERVING ITS REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy   $_____
Total                               $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

```
C0204277---00007
```

CITATION

# THE STATE OF TEXAS

## No.  E-0204277

## GLORIA JACOBS
## VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **OSBURN, BILL**

by serving at:
 **800 2ND AVENUE SOUTH**
**ST PETERSBURG, FL     33701**                                    **DEFENDANT:**

---

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.  It bears cause number E-0204277 and is styled:

                                                                            Plaintiff:

**GLORIA JACOBS**

VS.

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

                                                                            Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**PARSONS, JOHN PAT, Atty.**
**710 N 11TH STREET**
**BEAUMONT, TX    77702 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

                          JAMIE SMITH, DISTRICT CLERK
                          JEFFERSON COUNTY, TEXAS


                          BY *Valencia Simpson*  Deputy



                          Valencia

## RETURN OF SERVICE

E-0204277              **172nd** JUDICIAL DISTRICT COURT

**GLORIA JACOBS**

**UNITED PROPERTY** AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**:
**OSBURN,** BILL

 800 2ND AVENUE SOUTH

**ST PETERSBURG, FL 33701 0000**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy  $_____
Total                               $_____

_____, Officer
_____, County, Texas

By: _____, Deputy
_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
          (First, Middle, Last)
_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

C0204277---00005

CITATION

# THE STATE OF TEXAS

## No.  E-0204277

## GLORIA JACOBS
## VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **UNITED INSURANCE MANAGEMENT LLC**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**

by serving at:
**1999 BRYAN STREET**
**SUITE 900**
**DALLAS, TX    75201**                                                      **DEFENDANT:**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.   It bears cause number E-0204277 and is styled:

Plaintiff:

**GLORIA JACOBS**

VS.

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**PARSONS, JOHN PAT, Atty.**
**710 N 11TH STREET**
**BEAUMONT, TX    77702 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _Valencia Simpson_ Deputy

Valencia

## RETURN OF SERVICE

E-0204277          172nd JUDICIAL DISTRICT COURT

GLORIA JACOBS

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

ADDRESS FOR SERVICE:
UNITED INSURANCE MANAGEMENT LLC
BY SERVING ITS REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:

Serving Petition and Copy  $_____

Total                                $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)
_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

C0204277---00004

CITATION

# THE STATE OF TEXAS

## No.  E-0204277

### GLORIA JACOBS
### VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM**

by serving at:
**1999 BRYAN STREET
SUITE 900
DALLAS, TX    75201**

**DEFENDANT:**

NOTICE:

   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.   It bears cause number E-0204277 and is styled:

Plaintiff:

   **GLORIA JACOBS**

VS.

   **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

   The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

   **PARSONS, JOHN PAT, Atty.
710 N 11TH STREET
BEAUMONT, TX    77702 0**

   The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

   Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

                    JAMIE SMITH, DISTRICT CLERK
                    JEFFERSON COUNTY, TEXAS


                    BY _Valencia Simpson_ Deputy


                    Valencia

## RETURN OF SERVICE

E-0204277                 **172nd** JUDICIAL DISTRICT COURT

GLORIA JACOBS

**UNITED PROPERTY** AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
**UNITED PROPERTY** AND CASUALTY INSURANCE COMPANY
**BY SERVING** ITS REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy  $_____

Total                             $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
                    (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO. TEXAS
E0204277-00006
8/21/2019 2:59 PM
JAMIE SMITH
DISTRICT CLERK
E-204277

CITATION

# THE STATE OF TEXAS

## No.  E-0204277

### GLORIA JACOBS
### VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **WALLER, SHARON**
      **BY SERVING ITS REGISTERED AGENT**
      **CT CORPORATION SYSTEM**

by serving at:
**1999 BRYAN STREET**
**SUITE 900**
**DALLAS, TX    75201**

DEFENDANT:

NOTICE:

   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.  It bears cause number E-0204277 and is styled:

Plaintiff:

      **GLORIA JACOBS**
VS.
      **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

      **PARSONS, JOHN PAT, Atty.**
      **710 N 11TH STREET**
      **BEAUMONT, TX   77702 0**

   The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

   Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

                    JAMIE SMITH, DISTRICT CLERK
                    JEFFERSON COUNTY, TEXAS


            BY  _Valencia Simpson_  Deputy


                    Valencia

## CAUSE NO. E-204277

| | | |
|---|---|---|
| GLORIA JACOBS | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE | § | |
| COMPANY, UNITED INSURANCE MANAGEMENT, LC, | | |
| SHARON WALLER AND BILL OSBURN | | |
| Defendant. | § | 172ND JUDICIAL DISTRICT |

## RETURN OF SERVICE - CERTIFIED MAIL

The following came to hand on **Aug 14, 2019, 10:00 am,**

> **CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT 1-2, PLAINTIFF'S JURY DEMAND,**

and was executed on **Wed, Aug 14 2019** by mailing to **SHARON WALLER, AN EMPLOYEE OF UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY DELIVERING TO, C/O C T CORPORATION SYSTEM at 1999 BRYAN ST STE 900, DALLAS, TX 75201-3136,** by Certified Mail, Return Receipt Requested, Receipt No. **9414711899561594913112,** a true copy of this citation.

PS Form 3811 was returned on 8/21/2019 having been **SIGNED 8/16/2019** and is attached hereto.

My name is **Spencer Marks,** my date of birth is **9/XX/69,** and my address is **148 S Dowlen #668, Beaumont, TX 77707, United States of America.** I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Jefferson** County, State of **TX,** on **August 21, 2019.**

Certification Number: PSC-9510 EXP: 02/28/2020

# USPS Tracking®

**FAQs ⟩ (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package ✚

**Tracking Number:** 9414711899561594913112

Remove ✕

Your item was delivered at 5:31 pm on August 16, 2019 in DALLAS, TX 75201.

## ⊘ Delivered

August 16, 2019 at 5:31 pm
Delivered
DALLAS, TX 75201

Get Updates ⌄

Text & Email Updates

Tracking History

Product Information

---

**SENDER: COMPLETE THIS SECTION**

■ Ensure items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Property & Casualty Co - Sharon Waller
C/O C T Corporation System
1999 Bryan ST Ste 900
Dallas TX 75201-3140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ *Addressee or* ☐ *Agent*)
X *K. Hightower*

B. Received By: *(Printed Name)*
Kim Hightower

C. Date of Delivery
AUG 16 2019

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®

9490 9118 9956 1594 9131 54

2. Article Number *(Transfer from service label)*
9414 7118 9956 1594 9131 12

PS Form 3811 Facsimile, July 2015 (SDC 3930)

Domestic Return Receipt

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

CITATION

FILED
DISTRICT CLERK OF
JEFFERSON CO E-0204277-AS-00005
8/21/2019 2:59 PM
JAMIE SMITH
DISTRICT CLERK
E-204277

## THE STATE OF TEXAS

No. E-0204277

### GLORIA JACOBS
### VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   UNITED INSURANCE MANAGEMENT LLC
      BY SERVING ITS REGISTERED AGENT
      CT CORPORATION SYSTEM

by serving at:
1999 BRYAN STREET
SUITE 900
DALLAS, TX    75201

DEFENDANT:

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.   It bears cause number E-0204277 and is styled:

                                                                                          Plaintiff:
       GLORIA JACOBS
VS.
       UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

                                                                                          Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

          PARSONS, JOHN PAT, Atty.
          710 N 11TH STREET
          BEAUMONT, TX   77702 0

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

                              JAMIE SMITH, DISTRICT CLERK
                              JEFFERSON COUNTY, TEXAS


                        BY   _Valencia Simpson_   Deputy



                              Valencia

## CAUSE NO. E-204277

| | | |
|---|---|---|
| GLORIA JACOBS | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE | § | |
| COMPANY, UNITED INSURANCE MANAGEMENT, LC, | | |
| SHARON WALLER AND BILL OSBURN | | |
| Defendant. | § | 172ND JUDICIAL DISTRICT |

### RETURN OF SERVICE - CERTIFIED MAIL

The following came to hand on **Aug 14, 2019, 10:00 am,**

   CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT 1-2, PLAINTIFF'S JURY DEMAND,

and was executed on **8/14/2019** by mailing to **UNITED INSURANCE MANAGEMENT, LC, C/O C T CORPORATION SYSTEM** at **1999 BRYAN ST STE 900, DALLAS, TX 75201-3136,** by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 9414711899561594602719, a true copy of this citation.

PS Form 3811 was returned on 8/21/2019 having been **SIGNED 8/16/2019** and is attached hereto.

My name is **Spencer Marks,** my date of birth is **9/XX/69,** and my address is **148 S Dowlen #668, Beaumont, TX 77707,** and **United States of America.** I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Jefferson** County, State of **TX,** on **August 21, 2019,**

_____
**Certification Number: PSC-9510 EXP: 02/28/2020**

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 9414711899561594602719

Remove ✕

Your item was delivered at 5:31 pm on August 16, 2019 in DALLAS, TX 75201.

## ✓ Delivered

August 16, 2019 at 5:31 pm
Delivered
DALLAS, TX 75201

**Get Updates** ⌄

---

**Text & Email Updates**

---

**Tracking History**

---

**Product Information**

---

SENDER: COMPLETE THIS SECTION

- Ensure items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Insurance Management, LC
C/O C T Corporation System
1999 Bryan ST Ste 900
Dallas TX 75201-3140

9490 9118 9956 1594 6027 51

2. Article Number (Transfer from service label)
9414 7118 9956 1594 6027 19

PS Form 3811 Facsimile, July 2015 (SDC 3930)

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ☐ Addressee or ☐ Agent
XK *Hightower*

B. Received By: (Printed Name)
Kim Hightower

C. Date of Delivery
AUG 16 2019

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®

Domestic Return Receipt

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

FILED
DISTRICT CLERK OF
JEFFERSON CO TX E900004
8/21/2019 2:59 PM
JAMIE SMITH
DISTRICT CLERK
E-204277

CITATION

# THE STATE OF TEXAS

## No.  E-0204277

# GLORIA JACOBS
# VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   UNITED PROPERTY AND CASUALTY INSURANCE COMPANY
      BY SERVING ITS REGISTERED AGENT
      CT CORPORATION SYSTEM

by serving at:
1999 BRYAN STREET
SUITE 900
DALLAS, TX    75201

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of August, 2019.  It bears cause number E-0204277 and is styled:

Plaintiff:

       GLORIA JACOBS
VS.

       UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

       PARSONS, JOHN PAT, Atty.
       710 N 11TH STREET
       BEAUMONT, TX    77702 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) EXHIBITS  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of August, 2019.

                    JAMIE SMITH, DISTRICT CLERK
                    JEFFERSON COUNTY, TEXAS


            BY  _Valencia Simpson_  Deputy


                    Valencia

## CAUSE NO. E-204277

| | | |
|---|---|---|
| GLORIA JACOBS | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE | § | |
| COMPANY, UNITED INSURANCE MANAGEMENT, LC, | | |
| SHARON WALLER AND BILL OSBURN | | |
| Defendant. | § | 172ND JUDICIAL DISTRICT |

## RETURN OF SERVICE - CERTIFIED MAIL

The following came to hand on **Aug 14, 2019, 10:00 am**,

   CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT 1-2, PLAINTIFF'S JURY DEMAND,

and was executed on **Wed, Aug 14 2019** by mailing to **UNITED PROPERTY & CASUALTY INSURANCE COMPANY, C/O C T CORPORATION SYSTEM** at **1999 BRYAN ST STE 900, DALLAS, TX 75201-3136**, by Certified Mail, Return Receipt Requested, Receipt No. **9414711899561594603136**, a true copy of this citation.

PS Form 3811 was returned on 8/21/2019 having been **SIGNED 8/16/2019** and is attached hereto.

My name is **Spencer Marks**, my date of birth is **9/XX/69**, and my address is **148 S Dowlen #668, Beaumont, TX 77707, United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Jefferson** County, State of **TX**, on **August 21, 2019**.

Certification Number: PSC-9510 EXP: 02/28/2020

# USPS Tracking®

**FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package +

**Tracking Number:** 9414711899561594603136

Remove ✕

Your item was delivered at 5:31 pm on August 16, 2019 in DALLAS, TX 75201.

## ✓ Delivered

August 16, 2019 at 5:31 pm
Delivered
DALLAS, TX 75201

Get Updates ∨

Text & Email Updat

Tracking History

Product Informatio



**SENDER: COMPLETE THIS SECTION**

■ Ensure Items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Property & Casualty Co
C/O C T Corporation System
1999 Bryan ST Ste 900
Dallas TX 75201-3140

9490 9118 9956 1594 6031 78

2. Article Number (Transfer from service label)

PS Form 3811 Facsimile, July 2015 (SDC 3930)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( □ Addressee or □ Agent)
X K Hightower

B. Received By: (Printed Name)       C. Date of Delivery
Kim Hightower                        AUG 16 2019

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:            □ No

3. Service Type
☑ Certified Mail®

Domestic Return Receipt

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/22/2019 11:14 AM
JAMIE SMITH
DISTRICT CLERK
E-204277

CAUSE NO:  E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **UNITED  PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172ND JUDICIAL DISTRICT** |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE  HONORABLE JUDGE OF SAID  COURT:

COMES  NOW,  UNITED  PROPERTY  &  CASUALTY  INSURANCE  COMPANY ("UPC") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.
## RELEVANT BACKGROUND

1.     Plaintiff GLORIA JACOBS ("Plaintiff") filed a claim 701360001263 with Defendant UNITED  PROPERTY  &  CASUALTY  INSURANCE  COMPANY ("UPC"), and Claim Number 701360001263 was adjusted by one or more individuals at UPC's request, including Defendant SHARON WALLER ("Waller") and Defendant BILL OSBURN ("Osburn"). For purposes  of  this  election, Waller and Osburn are considered UPC's agents under Texas  Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster  who performs any act on UPC's behalf.

2.      On August 13, 2019, Plaintiff filed this action on claim number 2018TX125895, naming as UNITED PROPERTY & CASUALTY INSURANCE COMPANY, UNITED INSURANCE MANAGEMENT, LC,  SHARON WALLER and BILL OSBURN as Defendants.

## II.
## ELECTION

3.      Under section 542A.006(a) of the Texas Insurance Code, UPC hereby elects to accept legal responsibility for whatever liability Defendants SHARON WALLER and BILL OSBURN might have to Plaintiff for their acts or omissions related to claim number 701360001263, and by this pleading Plaintiff is provided written notice of UPC's Election.

## III.
## DISMISSAL OF DEFENDANTS WITH PREJUDICE

4.      Under section 542A.006(c) of the Texas Insurance Code and based on UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S Election, this Court "shall dismiss" this action against SHARON WALLER and BILL OSBURN with prejudice.   UPC hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice and are filing a proposed order simultaneously herewith.

## IV.
## PRAYER

FOR THESE REASONS, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY prays this Election be filed with the records of this case, and that Defendants SHARON WALLER and BILL OSBURN be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and

further relief to which this Court deems UNITED PROPERTY & CASUALTY INSURANCE

COMPANY entitled.


Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


Sarah R. Smith
Texas Bar No:  24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 22nd day of August, 2019.


John Pat Parson                              *Via Eservice*
Lindsay, Lindsay & Parsons
710 N. 11th Street
Beaumont, Texas 77702
Phone: (409) 833-1196
Fax:    (409) 832-7040
jparsons@llptx.com

*Attorney for Plaintiff*


_____
Sarah R. Smith

CAUSE NO:  E-204277

| GLORIA JACOBS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| UNITED  PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, UNITED | § | |
| INSURANCE MANAGEMENT, LC, | § | |
| SHARON WALLER and BILL OSBURN | § | 172ND JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS SHARON WALLER AND BILL OSBURN

On this day, the Court considered the *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code* (the "Election") filed by Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY.   UNITED PROPERTY & CASUALTY INSURANCE COMPANY has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore ORDERED, ADJUSTED AND DECREED that all claims and causes of action brought against Defendants SHARON WALLER and BILL OSBURN in the above referenced cause are hereby dismissed with prejudice to refiling of the same.  Any and all relief sought against Defendants SHARON WALLER and BILL OSBURN not contained herein is hereby DENIED with prejudice.

It is further ORDERED that costs of court herein and any related claim or cause of action brought against Defendants SHARON WALLER and BILL OSBURN shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.

_____
JUDGE PRESIDING

**Rangel, Maria**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Thursday, August 22, 2019 11:21 AM |
| **To:** | Rangel, Maria |
| **Subject:** | [EXT] Filing Accepted for Case: E-204277; GLORIA JACOBS VS UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET; Envelope Number:  36185491 |





# Filing Accepted

Envelope Number: 36185491
Case Number: E-204277
Case Style: GLORIA JACOBS VS UNITED
PROPERTY AND CASUALTY INSURANCE
COMPANY ET

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Jefferson County |
| **Case Number** | E-204277 |
| **Case Style** | GLORIA JACOBS VS UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET |
| **Date/Time Submitted** | 8/22/2019 11:14 AM CST |
| **Date/Time Accepted** | 8/22/2019 11:21 AM CST |
| **Accepted Comments** | |
| **Filing Type** | EFileAndServe |
| **Filing Description** | Defendant, United Property & Casualty Insurance Company's Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code |
| **Activity Requested** | No Fee Documents |
| **Filed By** | Maria Rangel |
| **Filing Attorney** | Sarah Smith |

| Document Details | |
|---|---|
| **Lead Document** | Def's Elect Legal Resp Sec 542.006 TX Ins Code.pdf |
| **Lead Document Page Count** | 4 |

| **File Stamped Copy** | Download Document |
|---|---|
| This link is active for 30 days. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider



Online: https://www.FileTime.com
Phone: (800) 658-1233
Available 24x7 and online with chat

Please do not reply to this email. It was automatically generated.

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/22/2019 11:57 AM
JAMIE SMITH
DISTRICT CLERK
E-204277

NO. E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172nd JUDICIAL DISTRICT** |

### PLAINTIFF'S RESPONSE TO DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITIES UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GLORIA JACOBS**, Plaintiff in the above-entitled and numbered cause and files this **PLAINTIFF'S RESPONSE TO UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION UNDER SECTION 542A.006 of the TEXAS INSURANCE CODE**, and would respectfully show unto the Court the following:

#### Statutes

1.      Section 542A.006 of the Texas Insurance Code only applies to "claims" which are made by an insured under an insurance policy providing for **real property or improvements to real property.** See TEX. INS. CODE. SECTION 542A.001 (Definitions) (2)(A). ***See Exhibit 1.***

2.      Plaintiff's claim is for the loss of contents and not for real property or improvements to real property. ***See Exhibit 2*** (DEC PAGE----CONTENTS POLICY).

3.      Defendant's election is defective and should be DENIED by this Court.

4.      Furthermore, Section 542A of the Texas Insurance Code went into effect on September 1, 2017. Plaintiff's claim originated and has a date of loss of August 27, 2017. ***See Exhibit 3*** (denial letter).

1

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's election be denied and for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11ᵗʰ Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,
GLORIA JACOBS**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on

the following by U.S. mail, postage prepaid and/or certified mail, return receipt requested and/or

facsimile and/or email and/or hand delivery on this __22th__ day of August 2019:

LEWIS BRISBOIS BISGAARD & SMITH LLP          **Via: Fax: (713) 759-6830**
Sarah R. Smith
Gene M. Baldonado
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

_____
John Pat Parsons

3

Advance® Research

Document: Tex. Ins. Code § 542A.001 🔔  Actions ▾

‹ Previous                                                                                                          Next ›

# Tex. Ins. Code § 542A.001

Copy Citation

This document is current through the 2017 Regular Session and 1st C.S., 85th Legislature

Texas Statutes & Codes Annotated by LexisNexis®   Insurance Code   Title 5 Protection of Consumer Interests   Subtitle C Deceptive, Unfair, and Prohibited Practices   Chapter 542A. Certain Consumer Actions Related to Claims for Property Damage

## Sec. 542A.001. Definitions.

In this chapter:

(1) "Agent" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.

(2) "Claim" means a first-party claim that:

(A) is made by an insured under an insurance policy providing coverage for real property or improvements to real property;

(B) must be paid by the insurer directly to the insured; and

(C) arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm.

(3) "Claimant" means a person making a claim.

(4) "Insurer" means a corporation, association, partnership, or individual, other than the Texas Windstorm Insurance Association, engaged as a principal in the business of insurance and authorized or eligible to write property insurance in this state, including:

(A) an insurance company;

(B) a reciprocal or interinsurance exchange;

(C) a mutual insurance company;

(D) a capital stock insurance company;

(E) a county mutual insurance company;

(F) a farm mutual insurance company;

(G) a Lloyd's plan;

(H) an eligible surplus lines insurer; or

(I) the FAIR Plan Association, unless a claim-related dispute resolution procedure is available to policyholders under Chapter 2211.

(5) "Person" means a corporation, association, partnership, or other legal entity or individual.

## History

Enacted by Acts 2017, 85th Leg., ch. 151 (H.B. 1774), § 3, effective September 1, 2017.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2017 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

‹ Previous





# UPC
## INSURANCE
**UNITED PROPERTY & CASUALTY INSURANCE CO**
P.O. Box 51149
Sarasota, FL  34232-0330

# HOMEOWNERS DECLARATION

| POLICY NUMBER | POLICY PERIOD | |
|---|---|---|
| | From | To |
| UTH 0411443 00 42 | 07/01/2017 | 07/01/2018 |
| | 12:01 a. m. at the residence premises. | |

| POLICY DECLARATION | Effective:  07/01/2017 | Date Issued: 06/01/2017 |
|---|---|---|

| INSURED: | AGENT: 4650058 |
|---|---|
| GLORIA JACOBS | TWFG INSURANCE SERVICES, INC. |
| 16894 BOONDOCKS RD | 6410 WELLINGTON PL, STE A |
| BEAUMONT TX 77705 | BEAUMONT TX 77706 |
| Telephone: 409-554-9859 | Telephone: 409-554-0476 |

**The residence premises covered by this policy is located at the address listed below.**

| 16894 BOONDOCKS RD | BEAUMONT TX 77705 |
|---|---|

Coverage is provided where premium and limit of liability is shown.  Flood coverage is not provided and is not a part of this policy.

| SECTION I COVERAGE | LIMIT OF LIABILITY | PREMIUMS |
|---|---|---|
| A.  DWELLING | $0.00 | $0.00 |
| C.  PERSONAL PROPERTY | $80,000.00 | $429.00 |
| D.  LOSS OF USE | $24,000.00 | INCLUDED |
| SECTION II COVERAGE | | |
| E.  PERSONAL LIABILITY | $300,000.00 | $25.00 |
| F.  MEDICAL PAYMENTS | $1,000.00 | $5.00 |
| OPTIONAL COVERAGES | | |

Continued on Additional Coverages Schedule

**The above coverages are subject to a  $2,500 Wind/Hail Deductible per Wind/Hail loss.**

**The above coverages are subject to a  $2,500 All Other Peril Deductible per non-Wind/Hail loss.**

TOTAL POLICY PREMIUM INCLUDING ASSESSMENTS AND ALL SURCHARGES:            $565.00

**PLEASE CONTACT YOUR AGENT IF THERE ARE ANY QUESTIONS PERTAINING TO YOUR POLICY.**

| FORMS AND ENDORSEMENTS | |
|---|---|
| *HO P004  (05/11)    *HO 0004  (05/11) | |
| *HO 0434  (05/11)    *HO 0498  (05/11) | COUNTERSIGNED DATE 06/01/2017 |
| *HO 2304  (05/11)    *HO 2421  (05/11) | |
| *ILN 001  (09/03)    *ILN 178  (03/13) | BY |
| Continued on Forms Schedule | |

| ADDITIONAL INTERESTS | |
|---|---|
| | EXHIBIT 2 |



September 29, 2018

GLORIA JACOBS
16894 BOONDOCKS RD
BEAUMONT TX 77705

Re:   Insured:           GLORIA JACOBS
      Claim Number:      2017TX032500
      Policy Number:     UTH041144300
      Date of Loss:      8/27/2017
      Cause of Loss:     FLOOD
      Loss Location:     16894 BOONDOCKS RD BEAUMONT TX 77705

Dear GLORIA JACOBS:

This letter is in response to the claim you submitted to UNITED PROPERTY & CASUALTY
INSURANCE CO on the above referenced policy for water damage to your property.

We have received the inspection report from AMCAT, an independent adjusting firm. The
conclusion of our investigation is that the damages found to your property are related to
flooding, surface water or seepage through foundation.  Your policy of insurance specifically
excludes coverage for flood and surface water.

The specific policy language is captioned below for your reference.  Please notify our office
immediately if our understanding of your loss is incorrect in any way.

Your HO 00 04 05 11 Homeowners 4 Content Broad Form policy, states:

## SECTION I – PERILS INSURED AGAINST

We insure for direct physical loss to the property
described in Coverage C caused by any of the
following perils unless the loss is excluded in Section I
– Exclusions.

## SECTION I – EXCLUSIONS
We do not insure for loss caused directly or indirectly
by any of the following. Such loss is excluded
regardless of any other cause or event contributing
concurrently or in any sequence to the loss. These
exclusions apply whether or not the loss event results
in widespread damage or affects a substantial area.

**3. Water**
This means:
     **a.** Flood, surface water, waves, including tidal
     wave and tsunami, tides, tidal water,
     overflow of any body of water, or spray





from any of these, all whether or not driven
by wind, including storm surge;
**b.** Water which:
> **(1)** Backs up through sewers or drains; or
> **(2)** Overflows or is otherwise discharged
> from a sump, sump pump or related
> equipment;

**c.** Water below the surface of the ground,
including water which exerts pressure on,
or seeps, leaks or flows through a building,
sidewalk, driveway, patio, foundation,
swimming pool or other structure; or
**d.** Waterborne material carried or otherwise
moved by any of the water referred to in
**A.3.a.** through **A.3.c.** of this exclusion.

This Exclusion **3.** applies regardless of whether
any of the above, in **3.a.** through **3.d.,** is
caused by an act of nature or is otherwise caused.

This Exclusion **3.** applies to, but is not limited to,
escape, overflow or discharge, for any reason, of
water or waterborne material from a dam, levee,
seawall or any other boundary or containment
system.

However, direct loss by fire, explosion or theft
resulting from any of the above, in **3.a.** through
**3.d.,** is covered.

Form UPC 01 42 12 14 states in part:

Paragraph **H. Legal Action Against Us** is replaced by the following:

**H. Legal Action Against Us**

**1.** Except as provided in Paragraph **2.,** no suit or action can be brought against us
unless there has been full compliance with all of the terms under Section **I** of this policy.
Action must be brought against us within two years and one day from the date the cause
of action first accrues. A cause of action accrues on the date of the initial breach of our
contractual duties as alleged in the action.

**2.** With respect to suits brought in connection with claims for loss caused by windstorm
or hail in the catastrophe area, as defined by the Texas Insurance Code:

No action can be brought against us unless there has been compliance with all of the
terms of this policy. The action must be brought before the earlier of the following:
> **a.** Two years and one day from the date we accept or reject the claim; or
> **b.** Three years and one day from the date of the loss that is the subject of the
claim.



As stated in Section I – Conditions, item F. Appraisal, no suit involving the amount of loss or damage under Section I of the Policy can be brought unless an appraisal has been completed.

All rights and defenses of UPC Insurance are reserved. No act of any Company representative while investigating this claim or defending a lawsuit shall be construed as waiving any Company rights. The Company reserves the right to deny coverage to you or to anyone claiming coverage under this policy. UPC Insurance does not, by this letter or otherwise, waive any rights or defenses.

Should have any additional questions regarding this letter or have any other information you would like for us to consider in regards to this claim, please contact the undersigned at the information shown below.

Sincerely,

Bill Osburn
Claims Adjuster
United Insurance Management, LC, servicing
claims on behalf of UPC Insurance
Ph: 727-895-7737 X-4530
Email: claims@upcinsurance.com

CC:     TWFG INSURANCE SERVICES, INC.
        6410 WELLINGTON PL, STE A
        BEAUMONT TX 77706

*If this document contains an excerpt from a UPC Insurance Company Policy ("the Policy") it is provided here for informational purposes only. This excerpt is not the official version of the Policy. The official version of the Policy is the policy issued to the insured on the policy effective date. In the event there is inconsistency between this document and the Policy, the Policy shall serve as the official version.*

*Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.*

NO. E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172nd  JUDICIAL DISTRICT** |

### ORDER DENYING DISMISSAL OF DEFENDANTS
### SHARON WALLER AND BILL OSBURN

On this day, the Court considered the Election of Legal Responsibility Under Section

542A.006 of the Texas Insurance Code (the "Election") filed by Defendant UNITED PROPERTY

& CASUALTY INSURANCE COMPANY and Plaintiff's response.

It is therefore ORDERED, ADJUSTED AND DECREED this Motion be DENIED.


SIGNED this_____ day of _____, 2019.


_____

JUDGE PRESIDING

**Rangel, Maria**

| | |
|---|---|
| **From:** | VanHoose, Ronnette |
| **Sent:** | Thursday, August 22, 2019 12:27 PM |
| **To:** | Rangel, Maria |
| **Subject:** | FW: Fax FW: [EXT]  Corporate eFax message from "409 832 7040" - 9 page(s)   Jacobs-Plaintiffs Response to Defendant |
| **Attachments:** | FAX_20190822_1566493404_393.pdf |

Ronnette VanHoose
Legal Secretary
Lewis Brisbois Bisgaard & Smith, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:  713-659-6767 (Main)
Telephone:  832-742-6715 (Direct)
Fax:  713-759-6830
Ronnette.Vanhoose@lewisbrisbois.com

**From:** houefax
**Sent:** Thursday, August 22, 2019 12:08 PM
**To:** Smith, Sarah; Baldonado, Gene
**Cc:** VanHoose, Ronnette
**Subject:** Fax FW: [EXT] Corporate eFax message from "409 832 7040" - 9 page(s) Jacobs- Plaintiffs Response to Defendant

**From:** eFax Corporate [mailto:message@inbound.efax.com]
**Sent:** Thursday, August 22, 2019 12:03 PM
**To:** houefax
**Subject:** [EXT] Corporate eFax message from "409 832 7040" - 9 page(s) Jacobs- Plaintiffs Response to Defendant





**You have received a 9 page fax at 2019-08-22 12:03:24 CDT.**

* The reference number for this fax is yow_did14-1566493181-17137596830-393.

Please visit **www.efaxcorporate.com/myaccount/faq** if you have any questions regarding this message or your service. You may also e-mail our corporate support department at **corporatesupport@mail.efax.com**.

Thank you for using the eFax Corporate service!



© 2019 j2 Cloud Services, Inc. All rights reserved.
eFax Corporate is a registered trademark of j2 Cloud Services, Inc.

This account is subject to the terms listed in the eFax Corporate Customer Agreement.

**CAUSE NO:  E-204277**

| | | |
|---|---|---|
| GLORIA JACOBS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| UNITED  PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, UNITED | § | |
| INSURANCE MANAGEMENT, LC, | § | |
| SHARON WALLER and BILL OSBURN | § | 172ND JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS SHARON WALLER AND BILL OSBURN

On this day, the Court considered the *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code* (the "Election") filed by Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY.   UNITED PROPERTY & CASUALTY INSURANCE COMPANY has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore ORDERED, ADJUSTED AND DECREED that all claims and causes of action brought against Defendants SHARON WALLER and BILL OSBURN in the above referenced cause are hereby dismissed with prejudice to refiling of the same.  Any and all relief sought against Defendants SHARON WALLER and BILL OSBURN not contained herein is hereby DENIED with prejudice.

It is further ORDERED that costs of court herein and any related claim or cause of action brought against Defendants SHARON WALLER and BILL OSBURN shall be borne by the party incurring same.

SIGNED this __23rd__ day of _____August_____, 2019.

_____
JUDGE PRESIDING

NO. E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172ⁿᵈ JUDICIAL DISTRICT** |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITIES UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE AND NOTICE OF HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GLORIA JACOBS**, Plaintiff in the above-entitled and numbered cause and files this **PLAINTIFF'S MOTION TO RECONSIDER AN ORDER ON UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION UNDER SECTION 542A.006 of the TEXAS INSURANCE CODE**, and would respectfully show unto the Court the following:

1.     Plaintiff is asking the Court to reconsider this matter. Plaintiff filed a RESPONSE on August 22, 2019, which specifically shows that Chapter 542A does not apply unless the claim involves real property or improvements to real property. **See Exhibit A.** The Court signed an order dismissing Defendants, which was filed by Defendants and predicated on Chapter 542A. **See Exhibit B.**

2.     The claim at issue in this case does not involve real property or improvements to real property. This claim is for CONTENTS damages. The policy does not even have coverage for

1

structural damage (to real property or improvements to real property), as it is a renter's policy.

3.    To date, no hearing has been held on this matter and none has been set by either party.

4.    Plaintiff's notice of hearing is attached.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this matter be reconsidered, that a hearing be set for further argument, and for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,
GLORIA JACOBS**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on

the following by U.S. mail, postage prepaid and/or certified mail, return receipt requested and/or

facsimile and/or email and/or hand delivery on this __26th__ day of August 2019:

LEWIS BRISBOIS BISGAARD & SMITH LLP               **Via: Fax: (713) 759-6830**
Sarah R. Smith
Gene M. Baldonado
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

_____

John Pat Parsons

3

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/22/2019 11:57 AM
JAMIE SMITH
DISTRICT CLERK
E-204277

NO. E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172nd JUDICIAL DISTRICT** |

## PLAINTIFF'S RESPONSE TO DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITIES UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GLORIA JACOBS,** Plaintiff in the above-entitled and numbered cause and files this **PLAINTIFF'S RESPONSE TO UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION UNDER SECTION 542A.006 of the TEXAS INSURANCE CODE,** and would respectfully show unto the Court the following:

### Statutes

1.     Section 542A.006 of the Texas Insurance Code only applies to "claims" which are made by an insured under an insurance policy providing for **real property or improvements to real property.** See TEX. INS. CODE. SECTION 542A.001 (Definitions) (2)(A). *See Exhibit 1.*

2.     Plaintiff's claim is for the loss of contents and not for real property or improvements to real property. *See Exhibit 2* (DEC PAGE----CONTENTS POLICY).

3.     Defendant's election is defective and should be DENIED by this Court.

4.     Furthermore, Section 542A of the Texas Insurance Code went into effect on September 1, 2017. Plaintiff's claim originated and has a date of loss of August 27, 2017. *See Exhibit 3* (denial letter).

1



## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's election be

denied and for such other and further relief, at law or in equity, to which Plaintiff may show herself

justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,
GLORIA JACOBS**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following by U.S. mail, postage prepaid and/or certified mail, return receipt requested and/or facsimile and/or email and/or hand delivery on this __22th__ day of August 2019:

LEWIS BRISBOIS BISGAARD & SMITH LLP                **Via: Fax: (713) 759-6830**
Sarah R. Smith
Gene M. Baldonado
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

_____
John Pat Parsons

3

Tex. Ins. Code § 542A.001

Advance Search          ⌄  ⊕                    🔍                                    More  ⌄

Document: Tex. Ins. Code § 542A.001  🔔   Actions ⌄

‹ Previous                                                                      Next ›

## Tex. Ins. Code § 542A.001

[ Copy Citation ]

This document is current through the 2017 Regular Session and 1st C.S., 85th Legislature

Texas Statutes & Codes Annotated by LexisNexis®   Insurance Code   Title 5 Protection of Consumer Interests   Subtitle C Deceptive, Unfair, and Prohibited Practices   Chapter 542A. Certain Consumer Actions Related to Claims for Property Damage.

## Sec. 542A.001. Definitions.

In this chapter:

(1) "Agent" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.

(2) "Claim" means a first-party claim that:

(A) is made by an insured under an insurance policy providing coverage for real property or improvements to real property;

(B) must be paid by the insurer directly to the insured; and

(C) arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm.

(3) "Claimant" means a person making a claim.

(4) "Insurer" means a corporation, association, partnership, or individual, other than the Texas Windstorm Insurance Association, engaged as a principal in the business of insurance and authorized or eligible to write property insurance in this state, including:

(A) an insurance company;

(B) a reciprocal or interinsurance exchange;

(C) a mutual insurance company;

(D) a capital stock insurance company;

(E) a county mutual insurance company;

(F) a farm mutual insurance company;

(G) a Lloyd's plan;

(H) an eligible surplus lines insurer; or

(I) the FAIR Plan Association, unless a claim-related dispute resolution procedure is available to policyholders under Chapter 2211.

(5) "Person" means a corporation, association, partnership, or other legal entity or individual.

## History

Enacted by Acts 2017, 85th Leg., ch. 151 (H.B. 1774), § 3, effective September 1, 2017.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2017 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

‹ Previous

EXHIBIT
1
ALL-STATE LEGAL®

🎞 ⌄  🖨 ⌄  Go to ⌄                    🔍 ⌄              •••

# UPC

**INSURANCE**
**UNITED PROPERTY & CASUALTY INSURANCE CO**
P.O. Box 51149
Sarasota, FL 34232-0330

## HOMEOWNERS DECLARATION

| POLICY NUMBER | POLICY PERIOD |
|---|---|
| UTH 0411443 00 42 | 07/01/2017   07/01/2018 |
| | 12:01 a. m. at the residence premises. |

| POLICY DECLARATION | Effective: 07/01/2017 | Date Issued: 06/01/2017 |
|---|---|---|

| INSURED | AGENT: 108000 |
|---|---|
| GLORIA JACOBS<br>16894 BOONDOCKS RD<br>BEAUMONT TX 77705 | TWFG INSURANCE SERVICES, INC.<br>6410 WELLINGTON PL, STE A<br>BEAUMONT TX  77706 |
| Telephone: 409-554-9859 | Telephone: 409-554-0476 |

The residence premises covered by this policy is located at the address listed below.

| 16894 BOONDOCKS RD | BEAUMONT TX 77705 |
|---|---|

Coverage is provided where premium and limit of liability is shown.  Flood coverage is not provided and is not a part of this policy.

| SECTION I COVERAGE | LIMIT OF LIABILITY | PREMIUMS |
|---|---|---|
| A. DWELLING | $0.00 | $0.00 |
| C. PERSONAL PROPERTY | $80,000.00 | $429.00 |
| D. LOSS OF USE | $24,000.00 | INCLUDED |
| SECTION II COVERAGE | | |
| E. PERSONAL LIABILITY | $300,000.00 | $25.00 |
| F. MEDICAL PAYMENTS | $1,000.00 | $5.00 |
| OPTIONAL COVERAGES | | |

Continued on Additional Coverages Schedule

**The above coverages are subject to a   $2,500 Wind/Hail Deductible per Wind/Hail loss.**

**The above coverages are subject to a   $2,500 All Other Peril Deductible per non-Wind/Hail loss.**

TOTAL POLICY PREMIUM INCLUDING ASSESSMENTS AND ALL SURCHARGES:          $565.00

PLEASE CONTACT YOUR AGENT IF THERE ARE ANY QUESTIONS PERTAINING TO YOUR POLICY.

| FORMS AND ENDORSEMENTS | | |
|---|---|---|
| *HO P004  (05/11) | *HO 0004   (05/11) | COUNTERSIGNED DATE 06/01/2017 |
| *HO 0434  (05/11) | *HO 0498   (05/11) | |
| *HO 2304  (05/11) | *HO 2421   (05/11) | |
| *ILN 001   (09/03) | *ILN 178   (03/13) | BY |
| Continued on Forms Schedule | | |
| ADDITIONAL INTERESTS | | |

EXHIBIT
2
ALL-STATE LEGAL®



September 29, 2018

GLORIA JACOBS
16894 BOONDOCKS RD
BEAUMONT TX 77705

Re:   Insured:          GLORIA JACOBS
      Claim Number:     2017TX032500
      Policy Number:    UTH041144300
      Date of Loss:     8/27/2017
      Cause of Loss:    FLOOD
      Loss Location:    16894 BOONDOCKS RD BEAUMONT TX 77705

Dear GLORIA JACOBS:

This letter is in response to the claim you submitted to UNITED PROPERTY & CASUALTY
INSURANCE CO on the above referenced policy for water damage to your property.

We have received the inspection report from AMCAT, an independent adjusting firm. The
conclusion of our investigation is that the damages found to your property are related to
flooding, surface water or seepage through foundation. Your policy of insurance specifically
excludes coverage for flood and surface water.

The specific policy language is captioned below for your reference. Please notify our office
immediately if our understanding of your loss is incorrect in any way.

Your HO 00 04 05 11 Homeowners 4 Content Broad Form policy, states:

**SECTION I – PERILS INSURED AGAINST**

We insure for direct physical loss to the property
described in Coverage C caused by any of the
following perils unless the loss is excluded in Section I
– Exclusions.

**SECTION I – EXCLUSIONS**
We do not insure for loss caused directly or indirectly
by any of the following. Such loss is excluded
regardless of any other cause or event contributing
concurrently or in any sequence to the loss. These
exclusions apply whether or not the loss event results
in widespread damage or affects a substantial area.

>   **3. Water**
>   This means:
>>      **a.** Flood, surface water, waves, including tidal
>>      wave and tsunami, tides, tidal water,
>>      overflow of any body of water, or spray





from any of these, all whether or not driven
by wind, including storm surge;
**b.** Water which:

    **(1)** Backs up through sewers or drains; or
    **(2)** Overflows or is otherwise discharged
    from a sump, sump pump or related
    equipment;

**c.** Water below the surface of the ground,
including water which exerts pressure on,
or seeps, leaks or flows through a building,
sidewalk, driveway, patio, foundation,
swimming pool or other structure; or
**d.** Waterborne material carried or otherwise
moved by any of the water referred to in
**A.3.a.** through **A.3.c.** of this exclusion.

This Exclusion **3.** applies regardless of whether
any of the above, in **3.a.** through **3.d.,** is
caused by an act of nature or is otherwise caused.

This Exclusion **3.** applies to, but is not limited to,
escape, overflow or discharge, for any reason, of
water or waterborne material from a dam, levee,
seawall or any other boundary or containment
system.

However, direct loss by fire, explosion or theft
resulting from any of the above, in **3.a.** through
**3.d.,** is covered.

Form UPC 01 42 12 14 states in part:

Paragraph **H. Legal Action Against Us** is replaced by the following:

### H. Legal Action Against Us

    **1.** Except as provided in Paragraph **2.,** no suit or action can be brought against us
unless there has been full compliance with all of the terms under Section I of this policy.
Action must be brought against us within two years and one day from the date the cause
of action first accrues. A cause of action accrues on the date of the initial breach of our
contractual duties as alleged in the action.

    **2.** With respect to suits brought in connection with claims for loss caused by windstorm
or hail in the catastrophe area, as defined by the Texas Insurance Code:

No action can be brought against us unless there has been compliance with all of the
terms of this policy. The action must be brought before the earlier of the following:
    **a.** Two years and one day from the date we accept or reject the claim; or
    **b.** Three years and one day from the date of the loss that is the subject of the
claim.



As stated in Section I – Conditions, item F. Appraisal, no suit involving the amount of loss or damage under Section I of the Policy can be brought unless an appraisal has been completed.

All rights and defenses of UPC Insurance are reserved. No act of any Company representative while investigating this claim or defending a lawsuit shall be construed as waiving any Company rights. The Company reserves the right to deny coverage to you or to anyone claiming coverage under this policy. UPC Insurance does not, by this letter or otherwise, waive any rights or defenses.

Should have any additional questions regarding this letter or have any other information you would like for us to consider in regards to this claim, please contact the undersigned at the information shown below.

Sincerely,


Bill Osburn
Claims Adjuster
United Insurance Management, LC, servicing
claims on behalf of UPC Insurance
Ph: 727-895-7737 X-4530
Email: claims@upcinsurance.com

CC:    TWFG INSURANCE SERVICES, INC.
       6410 WELLINGTON PL, STE A
       BEAUMONT TX 77706


*If this document contains an excerpt from a UPC Insurance Company Policy ("the Policy") it is provided here for informational purposes only. This excerpt is not the official version of the Policy. The official version of the Policy is the policy issued to the insured on the policy effective date. In the event there is inconsistency between this document and the Policy, the Policy shall serve as the official version.*

*Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.*

CAUSE NO: E-204277

| | | |
|---|---|---|
| GLORIA JACOBS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, UNITED | § | |
| INSURANCE MANAGEMENT, LC, | § | |
| SHARON WALLER and BILL OSBURN | § | 172ND JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS SHARON WALLER AND BILL OSBURN

On this day, the Court considered the *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code* (the "Election") filed by Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore ORDERED, ADJUSTED AND DECREED that all claims and causes of action brought against Defendants SHARON WALLER and BILL OSBURN in the above referenced cause are hereby dismissed with prejudice to refiling of the same. Any and all relief sought against Defendants SHARON WALLER and BILL OSBURN not contained herein is hereby DENIED with prejudice.

It is further ORDERED that costs of court herein and any related claim or cause of action brought against Defendants SHARON WALLER and BILL OSBURN shall be borne by the party incurring same.

SIGNED this __23rd__ day of _____August_____, 2019.

_____
JUDGE PRESIDING

EXHIBIT
B
ALL-STATE LEGAL®

NO. E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172nd JUDICIAL DISTRICT** |

### NOTICE OF ORAL HEARING ON
### PLAINTIFF'S MOTION FOR RECONSIDERATION

PLEASE TAKE NOTICE that a hearing on Plaintiff's Motion for Reconsider of Order on

Defendant, United Property & Casualty Insurance Company's Election of Legal Responsibilities

under Section 542A.006 of the Texas Insurance Code will be held on **Friday, September 20, 2019**

**at 9:30 a.m. in the 172nd Judicial District Court, Jefferson County, Texas**.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,**
**GLORIA JACOBS**

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following by U.S. mail, postage prepaid and/or certified mail, return receipt requested and/or facsimile and/or email and/or hand delivery and/or electronic court filing on this __26th__ day of August, 2019:

Sarah R. Smith                              _**Via Fax: 713-759-6830**_
Gene M. Baldonado
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

_____

John Pat Parsons

2

NO. E-204277

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172nd JUDICIAL DISTRICT** |

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DEFENDANTS' ELECTION OF LEGAL RESPONSIBILITIES UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE, SEEKING THE DISMISSAL OF DEFENDANTS SHARON WALLER AND BILL OSBURN

On this day, the Court re-considered Defendant's Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff's response, and Plaintiff's Motion to Reconsider.

Based on the language of Section 542A.001 that this statute only applies to insurance claims providing for coverage for real property or improvements to real property, the Court finds the statute inapplicable to this case, as this case pertains to an insurance policy for contents coverage.

It is therefore ORDERED, ADJUSTED AND DECREED that Defendant's Motion for the Election of Legal Responsibilities under Section 542A.006 of the Texas Insurance Code is DENIED, and that this Order replace the previously signed order dated August 23, 2019.

SIGNED this_____ day of _____, 2019.


                                                    _____
                                                    JUDGE PRESIDING

PAGE 1 OF 1
E-FILE: 8/13/19 TO CURRENT

# CIVIL DOCKET, DISTRICT COURT

CASE NO. E-0204277-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | | DATE OF FILING | |
|---|---|---|---|---|---|---|
| E-0204277- | JACOBS, GLORIA<br>VS<br>UNITED PROPERTY AND CASUALTY INSURANCE | PARSONS, JOHN PAT PLFT<br>NO ATTORNEY AT THIS TIME DEFT | OTHER CASE | | 8/13/2019 | |
| | | | DISPOSITION DATE | JURY FEE | DATE | |
| | | | | 40.00 | 8/13/19 | |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| AUGUST 28, 2019 | SIGND ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DEFENDANTS' ELECTION OF<br>LEGAL RESPONSIBILITIES UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE<br>SEEKING THE DISMISSAL OF SHARON WALLER AND BILL OSBURN. E-FILED. (SS)<br>/S/ JUDGE MITCH TEMPLETON | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

<u>NO. E-204277</u>

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JEFFERSON COUNTY, TEXAS** |
| **INSURANCE COMPANY; UNITED** | § | |
| **INSURANCE MANAGEMENT, LC;** | § | |
| **SHARON WALLER AND BILL OSBURN** | § | **172ND  JUDICIAL DISTRICT COURT** |

### <u>ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DEFENDANTS' ELECTION OF LEGAL RESPONSIBILITIES UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE, SEEKING THE DISMISSAL OF DEFENDANTS, SHARON WALLER AND BILL OSBURN</u>

This matter is set for hearing on Friday, September 20, 2019, at 9:30 a.m.  The previous Order was erroneously signed, electronically.  The Order signed on August 23, 2019, is hereby **WITHDRAWN**.  The matter will be decided after the hearing.

**SIGNED** this 28th day of August, 2019.

_____
**JUDGE PRESIDING**

**CAUSE NO:  E-204277**

| | | |
|---|---|---|
| **GLORIA JACOBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **UNITED  PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT, LC,** | § | |
| **SHARON WALLER and BILL OSBURN** | § | **172ND JUDICIAL DISTRICT** |

**DEFENDANTS', UNITED PROPERTY & CASUALTY INSURANCE COMPANY and
UNITED INSURANCE MANAGEMENT, LC, ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL PETITION WITH
REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY and

UNITED INSURANCE MANAGEMENT, LC, Defendants in the above-entitled and numbered

cause, and file this, their *Original Answer to Plaintiff's Original Petition with Request for

Disclosures*, and would respectfully show unto the Court the following:

**I.
GENERAL DENIAL BY UNITED PROPERTY & CASUALTY
INSURANCE COMPANY and UNITED INSURANCE MANAGEMENT, LC**

1.     Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY

("UPC") and Defendant UNITED INSURANCE MANAGEMENT, LC ("UIM") (collectively,

"Defendants") assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil

Procedure, and requests that Plaintiff GLORIA JACOBS ("JACOBS" or "Plaintiff") be required

to prove her charges and allegations against UPC and UIM by a preponderance of the evidence

as is required by the Constitution and law of the State of Texas.

## II.
## DEFENSES BY UNITED PROPERTY & CASUALTY INSURANCE COMPANY

2.　　Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC") denies that the required conditions precedent were performed and/or occurred.

3.　　The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiff, therefore, UPC is not liable to Plaintiff.

4.　　UPC issued a policy of insurance to Plaintiff GLORIA JACOBS, bearing Policy no. UTH041144300, and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

5.　　The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6.　　The Policy does not cover damages which occurred prior to policy inception.

7.　　The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

8.　　The Policy does not cover claims or damages arising out of flood.

9.　　The Policy requires direct, physical loss.

10.　　UPC is entitled to any credits or set-offs for prior payments by itself or other third parties.

11.　　To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

12.　　To the extent that all Policy requisites have not been satisfied, this suit is premature.

2

**III.**
**DEFENSES BY UNITED PROPERTY & CASUALTY INSURANCE COMPANY and**
**UNITED INSURANCE MANAGEMENT, LC**

13.     Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

14.     To the extent that all statutory requisites have not been satisfied, this suit is premature.

15.     Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual, Insurance Code claims.  Because Plaintiff's allegations are generally based on Defendants' alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Insurance Code claims.

**IV.**
**REQUEST FOR DISCLOSURES**

Pursuant to Rule 194, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY and Defendant UNITED INSURANCE MANAGEMENT, LC, request Plaintiff to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

**V.**
**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY and Defendant UNITED INSURANCE MANAGEMENT, LC respectfully pray that Plaintiff GLORIA JACOBS take nothing by her suit, that Defendants recover costs, and for such other and further relief, both at law and in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY and UNITED INSURANCE MANAGEMENT, LC may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Sarah R. Smith
Texas Bar No: 24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax: (713) 759-6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANTS
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY and UNITED
INSURANCE MANAGEMENT, LC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 3rd day of September, 2019.

John Pat Parson                    ***Via Eservice***
Lindsay, Lindsay & Parsons
710 N. 11th Street
Beaumont, Texas 77702
Phone: (409) 833-1196
Fax:    (409) 832-7040
jparsons@llptx.com

ATTORNEY FOR PLAINTIFF
GLORIA JACOBS


_____
Sarah R. Smith

**Rangel, Maria**

---

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Tuesday, September 03, 2019 10:01 AM |
| **To:** | Rangel, Maria |
| **Subject:** | [EXT] Filing Submitted for Case: E-204277; GLORIA JACOBS VS UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET; Envelope Number:  36464758 |



# Filing Submitted



Envelope Number: 36464758
Case Number: E-204277
Case Style: GLORIA JACOBS VS UNITED
PROPERTY AND CASUALTY INSURANCE
COMPANY ET

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Jefferson County - District Clerk |
| **Date/Time Submitted** | 9/3/2019 9:59 AM CST |
| **Filing Type** | Answer/Response |
| **Filing Description** | Defendants' UPC & United Insurance Management, LC Original Answer to Plaintiff's Original Petition with Request for Disclosures |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Maria Rangel |
| **Filing Attorney** | Sarah Smith |

| Fee Details | |
|---|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay. | |
| If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). | |
| This envelope is pending review and fees may change. | |
| Case Fee Information | $3.33 |

| Payment Service Fees | $0.09 |
| Provider Service Fees | $2.99 |
| Provider Tax Fees | $0.25 |
| Answer/Response | $0.00 |

**Total:**$3.33 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead Document** | Defs' Original Answer to Plaintiff's Orig Pet.pdf |
| **Lead Document Page Count** | 5 |
| **File Copy** | Download Document |
| This link is active for 30 days. | |

For technical assistance, contact your service provider



Online: https://www.FileTime.com
Phone: (800) 658-1233
Available 24x7 and online with chat

Please do not reply to this email. It was automatically generated.

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/26/2019 2:27 PM
JAMIE SMITH
DISTRICT CLERK
E-204277

NO. E-204277

| | |
|---|---|
| GLORIA JACOBS | § IN THE DISTRICT COURT OF |
| | § |
| VS. | § |
| | § |
| UNITED PROPERTY & CASUALTY | § JEFFERSON COUNTY, TEXAS |
| INSURANCE COMPANY, UNITED | § |
| INSURANCE MANAGEMENT, LC, | § |
| SHARON WALLER and BILL OSBURN | § 172nd JUDICIAL DISTRICT |

**NOTICE OF ORAL HEARING ON
PLAINTIFF'S MOTION FOR RECONSIDERATION**

PLEASE TAKE NOTICE that a hearing on Plaintiff's Motion for Reconsider of Order on

Defendant, United Property & Casualty Insurance Company's Election of Legal Responsibilities

under Section 542A.006 of the Texas Insurance Code will be held on **Friday, September 20, 2019**

**at 9:30 a.m. in the 172nd Judicial District Court, Jefferson County, Texas.**

Respectfully submitted,

LINDSAY, LINDSAY & PARSONS

_____

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,
GLORIA JACOBS**

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following by U.S. mail, postage prepaid and/or certified mail, return receipt requested and/or facsimile and/or email and/or hand delivery and/or electronic court filing on this __26th__ day of August, 2019:

Sarah R. Smith                          *Via Fax: 713-759-6830*
Gene M. Baldonado
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

John Pat Parsons

2